Day, J.
 

 A solution of the problem presented must depend on the force and effect which is given Section 6602-14, General Code (110 O. L., 341), which became effective July 29, 1923, nearly two years after the date of the employment of the relator by the county commissioners for “Belmont Sanitary Sewer District No. 1,” which was on August 4, 1921.
 

 So much of Section 6602-14, General Code, as affects this contract is as follows:
 

 “Provided, however, that the maximum compensation received by any commissioners or sanitary engineer serving in any county affected by this 'measure shall not exceed the amount of compensation received during the current year by the county auditor serving in the said county.”
 

 It is the contention of the relator that his contract is of a private nature, and that no statute passed after the making of the contract and the entering upon its performance by the parties thereto can affect his rights thereunder. If the contract was of a purely private nature this contention might perhaps be right; but is it of that character? It is well established that county commissioners are creatures of statute; their authority and right to bind the public by contract are measured by statutory enactment, and to be valid must conform to the statute.
 

 In the case of
 
 City of Lancaster
 
 v.
 
 Miller,
 
 58 Ohio St., 558, at page 575, 51 N. E., 52, 55, it was said:
 

 
 *338
 
 “Persons who deal with municipal bodies for their own profit should be required at their peril to take notice of limitations upon the powers of those bodies which these statutes impose.”
 

 This principle has been recognized many times by this court.
 
 Frisbie Co.
 
 v.
 
 City of East Cleveland,
 
 98 Ohio St., 266, 120 N. E., 309.
 

 While the statute, Section 6602-1, General Code, under which this employment was made, áuthorized the county commissioners to employ a sanitary engineer “for such time or times and on such terms as they deem best,” yet the contract of employment is silent as to any fixed time. This might have been a difficult thing to have done at that time, as the exact plans and specifications and the amount and nature of the work were not known at that time. After the plans and specifications had been adopted, and the nature of the work, its probable extent, and other definite facts were known, the record does not disclose a renewal of the contractual relation between the relator and the county commissioners based upon the provision of the statute “for such time or times and on such terms as they deem best,” Not only must the contract be upon “such terms” as the commissioners deem best, but it is equally mandatory as to such “time or times” as they deem best. In order to bind a subsequent board of county commissioners and future Legislatures, the right and power to so do must clearly appear, and not be left to inference alone from the nature of the contract and the kind of work affected thereby.
 

 The policy of the law is rather against the power of one board of county commissioners to
 
 *339
 
 make contracts so indefinite in time that tfie same may extend beyond tfie life of tfie board, and thus bind another or fntnre board, although in some cases such a contract may be valid and binding even though the performance of some part may be impossible until after the expiration of the term of the majority of the board as it existed when the contract was made. Yet the general rule is that such contracts, extending beyond the term of the existing board, and employment of agents or servants of the county for such period, thus tying the hands of a succeeding board, are not looked upon with favor unless the necessity or some special circumstances show that the public good requires such contracts to be made.
 

 In this instance this contract was silent as to the time when it should be completed, and the Legislature has spoken in the meantime concerning the amount of compensation that may be allowed under this species of contract. In so doing we do not feel that legislative action impaired the obligation of a contract, for this contract ignored the statutory requirement as to “time or times,” and was so indefinite in that regard that it transcended the spirit as well as the letter of the statute. Such a contract could not, therefore, come within the protection of the constitutional guarantee. Terms of contract should not be left to inference when one is contracting with a public board whose powers are prescribed by statute.
 

 We are, therefore, of -opinion that Section 6602-14, General Code, providing that the compensation of a sanitary engineer should not be greater in any one year than the compensation of the county
 
 *340
 
 auditor, affects and controls the contract in the present instance. While the defendant in error lays much stress upon the claim that the plaintiff in error was a public officer and many authorities are cited upon both sides upon this point, yet we are disposed to rest our conclusions upon the grounds above indicated.
 

 Our conclusion is that the Court of Appeals in refusing the . writ of mandamus was right, and that its judgment in so doing, and in all other respects, should be affirmed.
 

 Judgment affirmed.
 

 Marshall, O. J., Robinson, Jones, Matthias. Allen, and Conn, JJ., concur.