178

## STUART v. ALCOA S. S. CO.
### No. 350.

Circuit Court of Appeals, Second Circuit.
June 7, 1944.

Silas B. Axtell, of New York City (Lucien V. Axtell, of New York City, of counsel), for appellant.

Haight, Griffin, Deming & Gardner, of New York City (Edgar R. Kraetzer and J. Ward O'Neill, both of New York City, of counsel), for appellee.

Before SWAN, AUGUSTUS N. HAND, and CLARK, Circuit Judges

PER CURIAM.

The appellant was employed in the capacity of second cook on the appellee's steamship Coelleda. On February 24, 1941 while the vessel was lying at anchor at Martinique, he was burned by hot grease which splashed upon his chest and left arm from a large pot that he pulled across the top of the galley range. The splashing was caused by a defect in the stove due to a warped lid. His burns were given immediate treatment by the ship's officers but he was not put ashore for hospitalization, although his testimony, if believed, was to the effect that a civilian doctor advised the captain to send him to a hospital at Martinique. When the ship reached Trinidad on March 1st, the appellant was sent to the hospital there and received treatment until the vessel's return on March 17th, when he rejoined the crew. The vessel arrived in New York on April 3rd and he was paid off after being examined by the company's doctor, who found that there was no reason why he could not continue working and that there would be no permanent disfigurement from the burns. The appellant made a claim against the appellee for $1,-500, but on April 7, 1941 he signed a general release in consideration of a payment of $175. Thereafter a keloid scar developed as a result of his chest burns and on February 4, 1943 he went to the United States Marine Hospital and was advised to have X-ray treatments once a week for six periods, once a month for six months and once in three months for six more periods. He has not followed the prescribed treatment with any regularity but the keloid showed considerable improvement at the time of the trial in October 1943. On February 22, 1943 he filed the present libel claiming damages of $3,000 for personal injuries attributable to the defective stove lid, $2,000 for failure to treat, and $2,000 for maintenance and cure. Upon conclusion of the trial the court announced its decision. It found that there was no fraud or overreaching on the part of the shipowner in connection with the release but that the sum of $175 paid to the libellant on April 7, 1941 is inadequate for his injuries; it awarded him $500 "for his injuries and for maintenance and cure in addition to the $175" previously paid him. It found also that "the claim for failure to treat, in the second cause of action, has not been substantiated and is dismissed." The libellant has appealed on the ground that the award is inadequate and that the

second cause of action should not have been dismissed. The respondent has filed assignments of error asserting that since the court found that there was no fraud or overreaching in connection with the release, the libel should have been dismissed.

The trial judge overstated the vulnerability of seamen's releases in saying that "a release means practically nothing in a case of this kind", and "where we find the amount which was paid was inadequate, the court will disregard it." See Bonici v. Standard Oil Co., 2 Cir., 103 F.2d 437, certiorari denied 308 U.S. 560, 60 S.Ct. 106, 84 L.Ed. 471; Id., 308 U.S. 636, 60 S. Ct. 137, 84 L.Ed. 528; Sitchon v. American Export Lines, 2 Cir., 113 F.2d 830, certiorari denied 311 U.S. 705, 61 S.Ct. 171, 85 L.Ed. 458. Nevertheless his action in disregarding it can be sustained on the authority of the Bonici case, for here, as there, at the time the release was given the injury was considered less serious than it eventually turned out to be and the seaman signed the release because of the diagnosis made by the shipowner's doctor. Hence the appellee's assignments of error cannot be sustained.

Nor can we say there was error in dismissing the second cause of action for failure of proof. Whether the ship's captain was negligent in keeping the injured seaman on board instead of sending him to a hospital at Martinique is solely a question of fact upon the evidence. The trial judge was not compelled to give credence to the libellant's testimony concerning the civilian doctor's advice to the captain. Mr. Dawson, the company's claim agent, testified that in Stuart's discussion of his claim he made no complaint about being neglected or about failure to send him to a hospital.

When the court announced its decision libellant's counsel suggested that the judge "decide whether there is negligence in this case which caused this accident." To this the court replied: "I think it necessarily follows: * * *" Further colloquy showed that the $500 award was to cover "pain and suffering" as well as maintenance. Since the decree includes damages for injuries attributable to the respondent's negligence in furnishing a defective stove lid and the evidence shows that the injuries were exceedingly painful, we think the award is unduly small. The decree is modified to increase the award to $1,000, and, so modified, is affirmed.