### ROBERTS v. UNITED STATES.

No. 97, Docket 21785.

United States Court of Appeals
Second Circuit.

Argued Dec. 15, 1950.

Decided Feb. 7, 1951.

Harry Eisenberg and Robert Klonsky, both of New York City, for libellant-appellant.

Irving H. Saypol, U. S. Atty., Kirlin, Campbell, Hickox & Keating, Raymond Parmer and Vernon Sims Jones, all of New York City, for respondent-appellee.

Before AUGUSTUS N. HAND, CLARK and FRANK, Circuit Judges.

PER CURIAM.

The libellant, Roberts, was a quartermaster on the S.S. Birch Coulie, a vessel owned, operated and controlled by the United States. He was found by the District Court to have fallen on board the vessel because insufficient lights were furnished to enable him to go about his work safely, and to have suffered injuries through the respondent's negligence. He was awarded $1,050. After free hospital treatment, he returned to work as a seaman, at which he had previously been earning a salary of $157.50 a month, plus found. He ceased working for about seven weeks and received hospital treatment during most of that time.

The accident happened on February 8, 1946, while the ship was at the port of Aruba, in Curacao. First aid was administered by the Second Mate and the seaman was promptly taken to a hospital on shore. The diagnosis was "concussion of the brain, laceration of the scalp and contusion of the right buttock." He was discharged on February 18, 1946, as recovered. Thereafter he was repatriated to the United States and on February 27, 1946, was admitted to the United States Marine Hospital on Ellis Island, while complaining of headaches. The Marine Hospital diagnosis was "post concussion syndrome." Experts examined on behalf of both parties disagreed as to the extent of any future disability, but agreed that the libellant might have suffered some kind of lasting injury. On examination of Dr. Hyslop, called by the respondent, the following exchange took place: "Q. Well now, what conclusion did you come to as the result of your examination? A. I said I think it is to be admitted that this man may still have occasional post-concussional headache, and possibly vertigo; but in view of the condition he was in when he left the hospital at Aruba, it is extremely unlikely that his symptoms are as prominent as he describes them to me."

Later, but still on direct, he testified:

"Q. And I assume that you conclude that he has no injury of any kind of a permanent nature? A. I said I will grant that he may have some degree of physically based post-concussion symptoms, but I do not believe they are as bad as he tells me.

"Q. They may be permanent? A. If he has them, I believe they would be permanent."

He repeated essentially the same testimony on cross-examination and, when asked for the basis of his diagnosis, said he relied on the results of a test for vertigo and on the probable severity of a fall which kept him from being employed for several months. Later, however, he indicated that in his opinion the record of treatment at Ellis Island showed that the libellant had recovered from his concussion by the time he had left the hospital at Ellis Island.

The judge found that libellant's complaint of continued headaches was not credible. In view of the testimony, we cannot say that this finding was without substantial basis. It depended on whether the judge believed the libellant was telling the truth about his alleged serious condition when he seemed to have been able to work as a seaman for some twenty-one months after his hospital treatment had been completed. On the whole, we think that the evidence of libellant's injuries was not sufficient for us to regard the finding of the judge as clearly erroneous, and we should not substitute our judgment for that of the trier of the facts even if we might have reached a somewhat different conclusion. Even assuming that he was likely to have some further "occasional" headaches, there was reason to believe that his claims were greatly exaggerated and that any impairment he might suffer would be so trifling as not to require any larger award of damages.

The decree is affirmed, but without costs.