## KILGUST v. UNITED STATES.
### No. 260, Docket 21996.

United States Court of Appeals
Second Circuit.

Argued June 14, 1951.

Decided July 24, 1951.

Kunstler & Kunstler and Martin N. Whyman, all of New York City, for libellant.

Irving H. Saypol, U. S. Atty., Walter A. Darby, Jr., and J. Ward O'Neill, all of New York City (Haight, Deming, Gardner, Poor & Havens, New York City, of counsel), for respondent-appellee.

Before SWAN, AUGUSTUS N. HAND and L. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The libellant, Frederick E. Kilgust, signed on the S. S. Alan-A-Dale, a vessel operated by and for the account of the respondent, as second cook on November 9, 1943. He was then eighteen years of age and had been in good health up through the time he reported for merchant marine training in June 1943. The Alan-A-Dale sailed for London shortly after Kilgust signed aboard, arrived safely about December 1, 1943, and left on her return voyage about January 1, 1944. On January 2, 1944, libellant was taken ill and after receiving such treatment as was available aboard, was transferred to the United States Marine Hospital on Staten Island on the vessel's arrival in New York on January 20, 1944. There libellant's illness was diagnosed as pneumonia. He remained at the hospital until February 3, took ten days convalescent leave and eventually signed on another vessel on March 5, 1944, where he shortly became ill again. He was later hospitalized, but tests for tuberculosis did not indicate the existence of that disease until June 10, 1944.

The libel below was brought against the United States under the Suits in Admiralty Act, 46 U.S.C.A. §§ 741–752 by the guardian *ad litem* of Kilgust who, having attained his majority, prosecutes this appeal in his own right. The libel was based on the negligence of the vessel in supplying libellant with improperly heated and ventilated living quarters and in having aboard as a member of the crew one Boo Chui (variously spelled) who, it was claimed, the vessel should have known to have tuberculosis, whereby libellant was caused to contract it or to suffer aggravation of a previous latent condition. The suit was heard by Judge Samuel H. Kaufman who dismissed the libel, and libellant appeals.

■ The dismissal of so much of the libel as was based on aggravation of a pre-existing but latent tubercular condition was clearly correct. Libellant went to great efforts in his own proof to show that he had frequently been examined and tested for tuberculosis with completely negative results and that there was no history of tuberculosis in his family. There was no evidence to the contrary. He, therefore, could prevail if at all on the ground that he contracted tuberculosis on board the Alan-A-Dale through the ship's negligence.

The libellant testified that his quarters, which he shared with a Chinese crew member, were cramped, that such ventilation devices as were provided were blocked up at night for security purposes, and that the quarters were wet and of the same temperature as the outside air because the radiator did not function and leaked. Each night other Chinese crew members, friends of the libellant's cabin mate, would congregate in these quarters and talk and smoke. Among these was Boo Chui, who also coughed and spat. There was medical testimony that under the above described conditions tuberculosis could be more easily transmitted than under more normal conditions.

The respondent introduced testimony that nobody had ever complained of the conditions in libellant's quarters, that the vessel had a competent engineering force, capable of repairing a mal-functioning radiator if such existed, that the Chinese crew men were all cooks and messmen whose duties kept them in the hot galley so that it was most unlikely that they would foregather in off hours in November in the North Atlantic in a cabin the temperature of which was that of the outside air, and that Boo Chui was performing his duties satisfactorily during this period so that it was not negligent for respondent to fail to discover that he was tubercular. The respondent also showed that libellant's testimony that he could only repair to his quarters at night when there was no ventilation was erroneous as he had two substantial off-duty periods during the day. It was also shown that the libellant could well have contracted tuberculosis from sources of contamination off the ship rather than from Boo Chui.

■ We have again and again said that the question presented in cases such as this is one of fact that the trial judge is preeminently fitted to decide and that we will not reverse his decision in the absence of a clear showing of error. E.g., Roberts v. United States, 2 Cir., 186 F.2d 1005, 1006; C. W. Crane Co., v. Evans Transportation Corp., 2 Cir., 155 F.2d 940, 941; Fodera v. Booth American Shipping Corp., 2 Cir., 159 F.2d 795, 797; Stuart v. Alcoa S. S. Co., 2 Cir., 143 F.2d 178, 179. The summary of the conflicting testimony set forth above indicates that no error has been clearly shown. The decision of the District Judge dismissing the libel is, therefore,

Affirmed.