INTERNATIONAL BUREAU, Inc. v. BETH-
LEHEM STEEL CO.

No. 73, Docket 22103.

United States Court of Appeals
Second Circuit.

Argued Oct. 10, 1951.

Decided Nov. 5, 1951.

Jay Nicholas Long, New York City, for plaintiff-appellant.

Mendes & Mount, New York City, for defendant-appellee; Frank A. Bull and Daniel Huttenbrauck, New York City, of counsel.

Before AUGUSTUS N. HAND, CHASE and WOODBURY, Circuit Judges.

CHASE, Circuit Judge.

This appeal raises but two issues: (1) Whether the findings are supported by the evidence; and (2) whether it was error to deny the above mentioned motion.

It is a familiar principle that on appeal in cases tried by the court without a jury findings of fact will be given effect unless shown to be clearly erroneous. Kilgust v. United States, 2 Cir., 191 F.2d 69; Reynolds v. Goodwin-Hill Corp., 2 Cir., 154 F.2d 553; Syracuse Engineering Co. v. Haight, 2 Cir., 110 F.2d 468. And, indeed, that principle, together with the correlative one that due regard be given to the opportunity of a trial judge in a non-jury case to determine the credibility of witnesses who appear and testify before him, is firmly embodied in Rule 52(a), F.R.C.P., 28 U.S.C.A. We have no hesitation in reaching the conclusion that this record does not show the findings to be clearly erroneous and consequently we accept them.

In both of its aspects, the motion was addressed to the discretion of the court. It is not disputed that counsel for the appellant had Torgersen's affidavit when he examined him during the trial although it is asserted that he did not then realize its import. Moreover, as the trial judge said in passing upon the motion, there was evidence, apart from Torgersen's testimony, to support the findings. Even if counsel's reason for failure to interrogate the witness about the affidavit when he had the opportunity during the trial be considered sufficient, it was not an abuse of discretion to deny the motion unless it was reasonable to believe that the granting of it would be likely to change the result of the trial. See, Rule 61, F.R.C.P., 28 U.S.C.A. The opinion of the trial judge makes it clear that he relied on other evidence than Torgersen's testimony in making the findings and, with such other evidence in the case, his ruling was clearly right. Nor has it been shown that it was error to refuse to grant a new trial. The same considerations applied to that phase of the motion and required the same decision Only when an abuse of discretion is shown will we reverse the denial of a motion for a new trial. Campbell v. American Foreign S. S. Corp., 2 Cir., 116 F.2d 926, certiorari denied, 313 U.S. 573, 61 S.Ct. 959, 85 L.Ed. 1530; Flint v. Youngstown Sheet & Tube Co., 2 Cir., 143 F.2d 923.

Judgment affirmed.