**MAYER v. HIGGINS.**

No. 61, Docket 22799.

United States Court of Appeals, Second Circuit.

Argued Dec. 7, 1953.

Decided Dec. 29, 1953.

Hays, St. John, Abramson & Schulman, New York City, for plaintiff-appellant; Osmond K. Fraenkel and James R. Cherry, New York City, of counsel.

J. Edward Lumbard, U. S. Atty., Washington, D. C., for defendant; Samuel R. Pierce, Jr., Asst. U. S. Atty., New York City, of counsel.

Before CHASE, Chief Judge, and AUGUSTUS N. HAND and MEDINA, Circuit Judges.

PER CURIAM.

Adolf Mayer, an American citizen died on April 20, 1941, in the City of New York. He owned at all times here pertinent about fifty-one per cent of the capital stock of A. & L. Mayer, N. V., which was a Dutch corporation that had its principal place of business at The Hague, Holland. On May 9, 1940, that corporation caused the Bank of New York to transfer $200,000 from its funds on deposit in that bank to the credit of the decedent. On June 4, 1940, the bank complied with the decedent's request, by letter dated the previous day, to transfer this amount to an account then held by the bank under the designation Adolf Mayer Special Account which increased the balance in that account from $81,-819.79 to $281,819.79. At the decedent's death $185,847.79 of the $200,000 was held by the bank in this special account and the remainder was included in a deposit held to his credit by customs brokers. All of the $200,000 was included in the return filed for his estate and the estate taxes thereon were paid.

Thereafter a claim was duly filed for the refund of such taxes based on the ground that the $200,000 was not a part of his estate but was held by him at the time he died for the account of A. & L. Mayer, N. V. The claim was rejected and this suit was brought to recover the taxes. After that, and before trial, $100,000 was transferred from the estate to the account of A. & L. Mayer, N. V., in the Bank of New York in December, 1948; $70,000 more was transferred in November, 1949; and March, 1952, the remainder of $30,000 was transferred.

At a trial by court facts which are summarized above sufficiently for present purposes were shown by stipulations and exhibits, no witnesses being called, and the complaint was dismissed on the merits for failure to prove that the $200,-000 was held by the decedent at the time of his death for the account of A. & L. Mayer, N. V., rather than in his own right.

That the appellant's proof was short is apparent from the record. He had the burden to prove by at least a preponderance of the evidence that the money on which the estate taxes had been paid was not the property of the decedent when he died.

It had been transferred to him with no visible strings attached and so far as appears he could, and did, do with it as he wished. Under such circumstances it is to be presumed, the contrary not being shown, that the transfer to him was made to discharge an obligation and not to create one. Nay v. Curley, 113 N.Y. 575, 21 N.E. 698; Wigmore on Evidence, 3rd Ed. Sec. 2518(a). The transfers to the Dutch corporation years after the decedent died, and after this suit was brought, of funds which in total amount equalled the original transfer to the decedent coupled with the then acknowledgment by the Administrator of the estate that they were transferred to pay the debt of the decedent was certainly not conclusive. At most those acts and statements were *qua* this appellee self-serving on the part of the appellant. Though they are some evidence that he believed the amounts he caused to be transferred to A. & L. Mayer, N. V., were owed to it they are as against the appellee but reassertions of the basis of the claim on which this suit was brought and not evidence to prove that claim.

The motion for a new trial was addressed to the discretion of the

court and will not be disturbed except in a clear case of abuse. International Bureau, Inc., v. Bethlehem Steel Co., 2 Cir., 192 F.2d 304; Aetna Casualty & Surety Co. v. Yeatts, 4 Cir., 122 F.2d 350.

It appears that in this instance the applicant was seeking an opportunity to introduce nothing as evidence on a re-trial which was not available, or by the use of reasonable diligence could have been available, for use at the original trial. Consequently, the denial of the motion was not an improper exercise of discretion. Aladdin Manufacturing Co. v. Mantle Lamp Company of America, 7 Cir., 116 F.2d 708.

Affirmed.