Fred J. MORR, James R. Clark, Jr., Donald H. Rolf, as members of the Board of County Commissioners of Hamilton County, Ohio, Appellants,

v.

UNITED STATES of America, Appellee.

No. 12988.

United States Court of Appeals Sixth Circuit.

May 1, 1957.

Carl B. Rubin, Asst. Pros. Atty., Cincinnati, Ohio, C. Watson Hover, Pros. Atty., Cincinnati, Ohio, on the brief, for appellants.

Richard H. Pennington, Asst. U. S. Atty., Cincinnati, Ohio, Hugh K. Martin, U. S. Atty., Thomas Stueve, First Asst. U. S. Atty., Cincinnati, Ohio, for appellee.

Before SIMONS, Chief Judge, and McALLISTER and MILLER, Circuit Judges.

PER CURIAM.

The United States instituted this action on August 31, 1954 against the Commissioners of Hamilton County, Ohio, to recover $65,279.48 for the repayment of the cost of materials furnished by it to the county for the construction of a water supply main under a written contract dated September 24, 1937, obligating the county to reimburse the Government for necessary materials so furnished.

The county, by its answer, denied that it owed the money and by a separate affirmative defense stated that the pay-

ment of the sum, as provided by the contract, was predicated upon the collection by it of assessment and collection charges paid by persons desiring to connect with the supply main, and that no such assessments and connection charges had been yet made.

Interrogatories addressed to and answered by the Commissioners established that tap-ins or connections were made since the construction of the supply main in 1937 but that no fees, connection charges or assessments were made by the county and that no separate fund was set up by the county to repay the United States. There was no factual issue about the execution of the contract, the materials having been furnished, or the amount claimed by the United States.

■ The District Judge sustained the Government's motion for summary judgment. Appellant's contention that summary judgment procedure was not authorized is without merit. Even if the issue involved proves to be a difficult one, as appellant contends it is, it is nevertheless a purely legal one, not factual, and summary judgment is proper. Rule 56 (c), Rules of Civil Procedure, 28 U.S. C.A.

■ Appellants contend that a factual issue exists, namely, that because the contract extends beyond the term of the existing board, it must be shown by the Government that the public good required such contract to be made. State ex rel. Allen v. Lutz, 111 Ohio St. 333, 338, 339, 145 N.E. 483. Such issue, either factual or legal, was not raised by the pleadings as required by Rule 8(c), Rules of Civil Procedure; Charm Tred Mills v. Erle P. Halliburton, 7 Cir., 202 F.2d 294, 297. If it is proper to consider it as an inherent legal issue without being pleaded, the ruling is favorable to the legality of the contract. Brush v. Commissioner, 300 U.S. 352, 366, 370, 57 S. Ct. 495, 81 L.Ed. 691; Pacific Gas & Electric Co. v. Sacramento Municipal Utility Dist., 9 Cir., 92 F.2d 365, 368–369.

■ The only defense raised by the pleadings is that no funds have been raised or collected by the county out of which the Government can be reimbursed. This situation is due to the failure of the county to take the necessary steps to collect the money which should have been collected by it. It can not take advantage of its own fault in the matter. City of Hampton, Virginia, v. United States, 4 Cir., 218 F.2d 401, 405. See Frost v. Chaplin Motor Co., 138 Me. 274, 25 A.2d 225, 139 A.L.R. 1144.

The judgment is affirmed.