**HOWARD INDUSTRIES, INC., a Corporation, Plaintiff-Appellee,**

v.

**RAE MOTOR CORPORATION, a Corporation, Defendant-Appellant.**

No. 12568.

United States Court of Appeals.
Seventh Circuit.
May 27, 1959.

---

5. See also Barakis v. American Cyanamid Co., D.C.N.D.Tex.1958, 161 F.Supp. 25.

Jerome J. Foley, Rex Capwell, Jr., Racine, Wis., George J. Kuehnl, Racine, Wis., for appellant.

Carroll R. Heft, Glenn R. Coates, Racine, Wis., for appellee.

Before DUFFY, Chief Judge, and SCHNACKENBERG and PARKINSON, Circuit Judges.

PARKINSON, Circuit Judge.

Plaintiff-appellee Howard Industries, Inc. (Howard) filed this action in the District Court to enjoin the defendant-appellant Rae Motor Corporation (Rae) from manufacturing, using or marketing its electric motors in a motor casing confusingly similar in appearance to that of Howard, and for damages.

The District Court, by pre-trial conference order, separated the issues on liability and damages and, following a bench trial on the question of liability, filed findings of fact and conclusions of law and entered an injunctive order and judgment in accordance therewith in favor of Howard. This appeal followed.

The relevant undisputed facts are that in 1945 Howard purchased the assets of Electric Motor Corporation, a manufacturer of fractional horsepower motors, which included Patent No. 2,032,084. Shortly thereafter certain personnel formerly of Electric Motor Corporation left Howard and organized Rae. By early spring of 1946 Rae was manufacturing and selling fractional horsepower motors, which infringed Howard's patent, housed in a motor casing identical to that of Howard, except the brushes within the Rae casing were welded thereto while in the Howard casing they were attached by crimping.

Thereupon Howard filed a patent infringement action against Rae and one Dunham. Prior to trial the parties entered into a settlement agreement and the infringement suit was dismissed. The settlement agreement is as follows:

"This agreement made and entered into this 15th day of August, by and between Howard Industries, a corporation organized and existing under and by virtue of the laws of the State of Illinois, having its principal place of business in Chicago, Illinois, party of the first part and hereinafter referred to as Howard; Rae Motor Corporation, a corporation organized and existing under and by virtue of the laws of the State of Wisconsin, having its principal place of business in Racine, Wisconsin hereinafter referred to as Rae, and Irvie H. Dunham, an individual of the City of Racine, Racine County, Wisconsin hereinafter referred to as Dunham.

"Witnesseth:

"Whereas, there is pending in the United States District Court for the Eastern District of Wisconsin, an action in which Howard, as plaintiff, charges infringement of its patent No. 2032084 by Rae and Dunham, Defendants, said action being identified as Civil Action No. 4554, wherein issue has been joined; and

"Whereas, apart from any cause of action pleaded in said litigation, Howard complains that the shells or casings of motors made by Rae too closely resemble in appearance those previously made by Howard.

"Now, Therefore, in consideration of the agreement of the parties hereinafter set forth, it is agreed as follows:

"First: Rae and Dunham covenant and agree:

"1. That the brush holder and the contact slip of the electric motor first manufactured and sold by Rae are acknowledged to have infringed the patent in suit No. 2,032,084.

"Second: Rae Covenants and agrees:

"That as soon as its present stock of motor shells or casings is used up it will adopt a different shell or casing for its motor either like Exhibit A attached hereto or some other casing design which is not confusingly similar in appearance to the casing design now embodied in the E. M. C. motor. The present stock of Rae's motor casings being not in excess of 3500.

"Third: Howard covenants and agrees:

"1. That Howard waives any claim or right it might have or make now or in the future based upon infringement by the motor currently manufactured by Rae upon Patent No. 2,032,084.

"2. That it does hereby acknowledge the receipt of Thirty-five Hundred ($3500.00) dollars to it paid by Rae.

"3. That in consideration of the said Thirty-five Hundred ($3500.-00) dollars to it paid by Rae and of the agreement of Rae and Dunham herein set forth it does for itself, its successors and assigns hereby remise, release and forever discharge Dunham and Rae of and from all claims, controversies and demands accruing to the date hereof, jointly or severally against Dunham or Rae or either of them and based upon matters set forth in the complaint of this action or upon alleged simulation of casing design.

"4. That a shell or motor casing design, of the type indicated by the attached print marked 'Exhibit A' is adequately differentiated in appearance from the motor shell or casing design of Howard.

"Fourth: It is mutually covenanted and agreed by and between the parties hereto that the aforesaid

Civil Action No. 4554 shall be dismissed without costs to either party or parties, upon the written stipulation of the parties or their counsel being filed in the United States District Court of the Eastern District of Wisconsin.

"In Witness Whereof, the Plaintiff, Howard Industries, Inc., has caused this agreement to be executed by its President and Secretary and its corporate seal to be affixed hereto, this 15th day of August, 1949; the Defendant, Rae Motor Corporation has caused this agreement to be executed by its President and Secretary and its corporate seal to be affixed hereto this 15th day of August, 1949; and the Defendant, Irvie H. Dunham, has hereunto set his hand and seal this 15th day of August, 1949."

It is clear from a reading of this contract that it accomplished two distinct results, 1) it compromised and settled the patent infringement suit and, completely separate and apart from the patent infringement, it 2) obligated Rae to rectify the complaint of Howard that the motor casings used by Rae too closely resembled those of Howard by adopting a different casing for its motors either like the exhibit attached to the contract, which was adequately differentiated in appearance, or some other casing design which was not confusingly similar in appearance.

Rae relies upon two grounds for a reversal of the judgment. The first is that the "finding of the District Court that [Rae's] motor casings are confusingly similar in appearance to [Howard's] motor casings is contrary to law and is not supported by the evidence."

■■ The District Court found that Rae breached the contract by adopting for use a motor casing confusingly similar in appearance to the motor casing used by Howard. Although the evidence on this issue was in conflict there is unequivocal testimony of confusing simi-

larity in appearance and that Rae's customers had mistakenly returned Rae's casings to Howard for repair. It was for the District Court to determine the credibility of the witnesses, to weigh the evidence and resolve any conflicts therein. As this finding was supported by substantial evidence it most certainly is neither clearly erroneous nor contrary to law and thus is not vulnerable to attack on appeal. United States v. Chicago, R. I. & P. Ry. Co., 10 Cir., 1948, 171 F.2d 377, 380; Graver Tank & Mfg. Co. v. Linde Air Products Co., 1950, 339 U.S. 605, 609–610, 70 S.Ct. 854, 94 L.Ed. 1097; International Bureau v. Bethlehem Steel Co., 2 Cir., 1951, 192 F.2d 304, 306; Milgram v. Loew's, Inc., 3 Cir., 1951, 192 F.2d 579, 584; The Sirius Star v. Sturgeon Bay Shipbuilding & Dry Dock Co., 7 Cir., 1952, 196 F.2d 479, 481–482; Overman v. Loesser, 9 Cir., 1953, 205 F.2d 521, 524; Judd v. Wasie, 8 Cir., 1954, 211 F.2d 826, 831; American Transit Lines v. Smith, 6 Cir., 1957, 246 F.2d 86, 88. The fact that the District Court also found that Rae's motor casing was not "adequately differentiated in appearance" from that of Howard is surplusage if it does, as contended by Rae, have a different meaning than "confusingly similar in appearance." [165 F.Supp. 650] However, Rae's contention that the two phrases are not synonymous is clearly specious, being founded neither on logic nor semantics.

Rae's remaining ground for reversal is that the "injunction of the District Court, and the patent litigation Settlement Agreement on which it is founded, unlawfully extend [Howard's] patent monopoly beyond the scope of the patent and beyond the life of the patent in violation of the policy of the Sherman Act [15 U.S.C.A. §§ 1–7, 15, note] and of Section 133.01(1) of the Wisconsin Statutes."

■■ Aside from the fact that Rae failed to plead illegality as a defense which, in itself, renders this ground inefficacious, Charm Tred Mills, Inc., v. Erle P. Halliburton, Inc., 7 Cir., 1953, 202 F.2d 294, 297; Morr v. United

States, 6 Cir., 1957, 243 F.2d 913, 914, Patent No. 2,032,084 involves only a motor brush assembly. The parties agreed that it does not include any claims for the motor casing and neither the shape nor design of the casing to house the motor was covered or affected in any manner by the patent. Thus the settlement agreement cannot be construed to extend the patent either beyond its scope or the life thereof.

Nor is this a case of misuse of a patent by Howard to force Rae to purchase or use Howard's unpatented product either by conditioning a patent license so as to tie to the use of the patented device the use of another device lying outside the monopoly of the patent licensed, or by conditioning a license so as to control the conduct by the licensee not embraced in the patent monopoly or upon the maintenance of resale prices by the purchaser of the patented article, or otherwise. The contract in suit does not license Rae nor does it require Rae to use Howard's casing. In complete contrariety this is an action on a written contract whereby Rae, for a valuable consideration, agreed that it would adopt for its use a motor casing of a design different in appearance from Howard's. None of the cases cited by Rae holds that such a contract, which would not prohibit Rae from continuing to make fractional horsepower motors and house them in a casing not confusingly similar in appearance to Howard's, is in restraint of trade or violative of the Sherman or Wisconsin Anti-Trust Acts.

The District Court having found that Rae could make a fractional horsepower motor and house it in a motor casing not confusingly similar in appearance to Howard's motor casing and such finding being supported by substantial evidence, we hold that the injunction does not prohibit Rae from competing fairly and that the contract in suit is not in restraint of trade nor does it tend to create a monopoly.

The judgment is affirmed.