Jon Ashley **WESTON,**
**Petitioner-Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 84–1647.

United States Court of Appeals,
Sixth Circuit.

Submitted Sept. 19, 1985.

Decided Oct. 17, 1985.

Anthony S. Hart, III, Berry, Moorman, King, Cook & Hudson, Detroit, Mich., for petitioner-appellant.

Fred T. Goldberg, Jr., Chief Counsel, I.R.S., Washington, D.C., Glenn L. Archer, Jr. (Lead Counsel), Michael L. Paup, Asst. Atty. Gen., Dept. of Justice/Tax Div., Ann Belanger Durney, Gayle P. Miller, Washington, D.C., for respondent-appellee.

Before KENNEDY and MILBURN, Circuit Judges, and WEICK, Senior Circuit Judge.

PER CURIAM.

Jon Ashley Weston ("Taxpayer") appeals the Tax Court decision granting the Commissioner's motion for summary judgment. A deficiency judgment was entered in the amount of $13,654.74 and additions to tax totalling $2,338.03, for Taxpayer's income tax liability for 1979. Damages were awarded Commissioner in the amount of $500.

The Commissioner determined that Taxpayer had improperly failed to include $33,-875 in compensation in his taxable income, excluding these wages as nontaxable receipts. Additionally, the Commissioner found that Taxpayer had failed to report rental income in the amount of $9,000. Further, Commissioner determined that Taxpayer's income tax return was not timely filed, that his underpayment of tax was due to negligence or intentional disregard of rules, and that Taxpayer had underpaid his estimated tax for the year in question, asserting additions to tax under the Internal Revenue Code ("the Code"), 26 U.S.C. §§ 6651(a), 6653(a), and 6654(a) respectively.

Taxpayer did not dispute receipt of the $33,875, but argued that the income was not taxable as it constituted an even ex-

change for his labor, asserting typical tax protester arguments. He did not dispute receipt of the $9,000 until the summary judgment hearing when he first raised the issue, questioning the accuracy of this figure, and alleging that he had also incurred deductible expenses in 1979 that were not claimed. The Tax Court suggested that although Taxpayer had been required to attempt to reach agreement with the Internal Revenue Service as to the facts before the hearing, he could meet with counsel for the Commissioner to try to resolve the issues raised for the first time at the hearing. The Tax Court later granted the Commissioner's motion as to both the compensation and the rental income, holding that Taxpayer's arguments as to the compensation were without merit, citing *Rowlee v. Commissioner*, 80 T.C. 1111, 1119 (1983), and that his arguments as to the rental income and the unclaimed deductions, not raised in the petition, were not properly before the court. The court granted damages in the amount of $500 to the Commissioner under § 6673 of the Code, concluding that Taxpayer had merely initiated his suit to delay payment of taxes due. Taxpayer's motion for reconsideration was denied.

The issue of the taxability of the compensation was not raised on appeal. The principal issue to be decided is therefore whether the Tax Court was in error in granting the Commissioner's motion for summary judgment when an issue of fact arose at oral arguments at the hearing on the motion. Taxpayer also charges various other errors in the imposition of the order and the Tax Court's rulings.

█ Rule 121(b) of the Tax Court Rules of Practice and Procedure allows summary judgment if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Taxpayer's alleged non-receipt of the rental income and his alleged entitlement to additional deductions were not raised in the petition, so any issue of fact with regard to these matters may be considered not material for purposes of summary judgment.

*Morr v. United States*, 243 F.2d 913, 914 (6th Cir.1957). The Tax Court was therefore not in error in granting the Commissioner's motion for summary judgment.

█ The other errors charged by Taxpayer are also without merit. Taxpayer claims that the imposition of a conditional order for summary judgment was error. The order itself is not conditional, however; the Tax Court merely stated that it would consider any settlement actually reached by the parties prior to issuance of the order. Taxpayer further claims that the granting of summary judgment in full was error because it exceeded the relief requested by the Commissioner during hearing. The Commissioner's motion for summary judgment in full was not abandoned, however, by the alternative motion for partial summary judgment. Taxpayer also claims that the Tax Court's failure to rule on the validity of the Commissioner's notice of deficiency was error and that the Tax Court's failure to address Taxpayer's motion for reconsideration as it related to his business deductions was error. These claims are without merit.

The decision of the Tax Court is correct and is therefore affirmed.