OHIO ASPHALT PAVING, INC., APPELLEE, *v.* OHIO DEPARTMENT OF INDUSTRIAL RELATIONS ET AL., APPELLANTS.

[Cite as *Ohio Asphalt Paving, Inc. v. Ohio Dept. of Indus. Relations* (1992), 63 Ohio St.3d 512.]

(No. 90–2467—Submitted December 11, 1991—Decided April 22, 1992.)

514

*Schottenstein, Zox & Dunn* and *Roger L. Sabo; Millisor & Nobil* and *John J. Krimm, Jr.; Zelkowitz, Barry & Cullers* and *Robert B. Weston,* for appellee.

*Lee I. Fisher*, Attorney General, *Dan E. Belville* and *Elizabeth J. Birch*, for appellants.

*Benesch, Friedlander, Coplan & Aronoff, N. Victor Goodman* and *Mark D. Tucker*, urging reversal for *amicus curiae*, Ohio State Building and Construction Trades Council.

---

SWEENEY, J. The instant case presents this court with two issues concerning the interpretation of the prevailing wage statutes set forth in R.C. Chapter 4115: (1) whether a contractor may be liable to pay the prevailing wage to its employees under a public improvement contract, even where the public authority fails to include prevailing wage specifications in such a contract, and (2) whether R.C. 4115.13 and 4115.132 grant the Director of ODIR broad powers to inspect any payroll record relevant to an alleged violation of Ohio's prevailing wage law. For the reasons that follow, we answer both issues in the affirmative and therefore reverse the decision of the court of appeals.

In *State, ex rel. Evans, v. Moore* (1982), 69 Ohio St.2d 88, 91, 23 O.O.3d 145, 147, 431 N.E.2d 311, 313, this court stated in pertinent part: " * * * The prevailing wage law evidences a legislative intent to provide a comprehensive, uniform framework for, *inter alia*, worker rights and remedies vis-a-vis private contractors, sub-contractors and materialmen engaged in the construction of public improvements in this state. The prevailing wage law delineates civil and criminal sanctions for its violation. Above all else, the primary purpose of the prevailing wage law is to support the integrity of the collective bargaining process by preventing the undercutting of employee wages in the private construction sector." See, also, *Harris v. Van Hoose* (1990), 49 Ohio St.3d 24, 550 N.E.2d 461.

With respect to the first issue presented, Ohio Asphalt contends that where a public authority fails to fix the prevailing wage in a public improvement contract, the contractor is absolved from liability for failing to pay its employees the prevailing wage rate. This contention was endorsed by the appellate court below.

Appellants, ODIR and its Director, and *amicus curiae*, Ohio State Building and Construction Trades Council, argue that the prevailing wage provisions of R.C. Chapter 4115 are self-executing and independent of any provision present in any contract between a contractor and a public authority. Appellants submit that a contractor is required to pay the prevailing wage under a public improvement contract regardless of whether prevailing wage specifications were included in the contract.

Our review of the various provisions of the prevailing wage statutes indicates that both the public authority and the contractor are charged with ensuring compliance with the prevailing wage provisions when entering into a public improvement contract. R.C. 4115.04 states that " * * * [the] public authority * * * shall have the department of industrial relations determine the prevailing rates of wages * * * in the locality where the work is to be performed. * * * "

R.C. 4115.05 states in relevant part that "[e]very contract for a public work shall contain a provision that each laborer, workman, or mechanic, employed by such contractor * * * shall be paid the prevailing rate of wages provided in this section."

R.C. 4115.06 provides that "[i]n all cases where any public authority fixes a prevailing rate of wages under section 4115.04 * * *, the contract executed between the public authority and the successful bidder shall contain a provision requiring the successful bidder and all his subcontractors to pay a rate of wages which shall not be less than the rate of wages so fixed. The successful bidder and all his subcontractors shall comply strictly with the wage provisions of the contract."

Also relevant to our determination in the cause *sub judice* is this court's statement in *Lathrop Co. v. Toledo* (1966), 5 Ohio St.2d 165, 173, 34 O.O.2d 278, 282–283, 214 N.E.2d 408, 413, with respect to the duty of a contractor who has entered into a public improvement contract:

"A thread running throughout the many cases the court has reviewed is that the contractor must ascertain whether the contract complies with the Constitution, statutes, charters, and ordinances so far as they are applicable. If he does not, he performs at his peril, *e.g.*, *City of Wellston v. Morgan* (1901), 65 Ohio St. 219 [62 N.E. 127], paragraph four of the syllabus; *Frisbie Co. v. City of East Cleveland* * * * [ (1918), 98 Ohio St. 266, 120 N.E. 309], paragraph five of the syllabus; *State, ex rel. Allen, v. Lutz* * * * [ (1924), 111 Ohio St. 333, 145 N.E. 483]. The most articulate explanation of this principle was given in *McCloud & Geigle v. City of Columbus* [ (1896), 54 Ohio St. 439], at 452 and 453, [44 N.E. 95, at 96–97], where the court, in referring to private contractors, said:

" 'We think there is no hardship in requiring them, and all other parties who undertake to deal with a municipal body in respect of public improvements, to investigate the subject and ascertain at their peril whether the preliminary steps leading up to contract and prescribed by statute have been taken. No high degree of vigilance is required of persons thus situated to learn the facts. They are dealing with public agencies whose powers are defined by law, and whose acts are public transactions, and they should be charged with knowl-

edge of both. If the preliminary steps necessary to legalize a contract, have not been taken, they can withdraw from the transaction altogether, or delay until the steps are taken. The citizen and taxpayer, in most instances, unless directly affected by the improvement has but a remote, contingent and inappreciable pecuniary interest in the matter and should not be required to personally interest himself about its details. * * *

" ' * * *

" 'An occasional hardship may accrue to one who negligently fails to ascertain the authority vested in public agencies with whom he deals. In such instances, the loss should be ascribed to its true cause, the want of vigilance on the part of the sufferer, and statutes designed to protect the public should not be annulled for his benefit. * * *.' "

At least one other Ohio court has also underscored the independent duty of contractors to ensure that public improvement contracts entered into are in compliance with the prevailing wage provisions. See *Harris v. Davis Constr. Systems, Inc.* (1986), 34 Ohio App.3d 350, 353, 518 N.E.2d 956, 959.

Given the foregoing statutory provisions and case law, we believe the court of appeals below erred in finding that Ohio Asphalt was absolved from paying the prevailing wage to its employees on the grounds that such wage rate specifications were not delineated within the body of the contract. As we read them, the prevailing wage provisions and supporting precedent unmistakably require a contractor to pay its employees the prevailing wage on all public improvement contracts covered by R.C. Chapter 4115. Simply because the public authority failed in its duty to fix the prevailing wage rates within the contracts in issue does not mean that the contractor is excused from its statutory duty of ensuring compliance. In our view, a contrary holding would undercut the express provisions of R.C. Chapter 4115 as well as prior Ohio case law that requires contractors to strictly comply with the prevailing wage provisions. Therefore, we hold that except as provided in R.C. 4115.05,[2] a contractor will be held liable for the underpayment of prevailing wages with respect to a public improvement contract, even where the public authority fails to include prevailing wage specifications in that contract.

All the foregoing notwithstanding, we further hold that a contractor may maintain a cause of action in contribution where the facts underlying a particular public improvement contract indicate culpability on the part of the public authority for failing to comply with the prevailing wage provisions. In our view, equity and fairness demand such a remedy.

---

2. R.C. 4115.05 places liability upon the public authority whenever it fails to notify the contractor of any changes in the prevailing rate of wages during the life of the contract.

With respect to the second issue presented, *i.e.*, whether R.C. 4115.13 and 4115.132 permit the Director of ODIR to inspect any payroll record relevant to an investigation of an alleged violation of the prevailing wage law, we note the following relevant language of R.C. 4115.07:

"All contractors or subcontractors falling within or affected by sections 4115.03 to 4115.16 of the Revised Code, shall keep full and accurate payroll records * * * covering all disbursements of wages to their employees to whom they are required to pay not less than the prevailing rate of wages. Such payroll records shall be open to inspection by * * * the department of industrial relations at any reasonable time and as often as may be necessary, and such records shall not be destroyed or removed from the state for the period of one year following the completion of the public improvement in connection with which the records are made. * * * " [3]

The court of appeals below concluded that since, in its view, Ohio Asphalt was not required to pay the prevailing wage rate because such rate was not fixed in the public improvement contract, the contractor had no duty to produce payroll records to the Director of ODIR for inspection. However, given our disposition of the first issue presented in this case, we hold that the appellate court erred in excusing the contractor from producing relevant payroll records for ODIR's inspection.

R.C. 4115.13 provides in relevant part:

"Upon his own motion or within five days of the filing of a complaint under section 4115.10 or 4115.16 of the Revised Code, the director of industrial relations, or a representative designated by him, shall investigate any alleged violation of sections 4115.03 to 4115.16 of the Revised Code. * * * "

R.C. 4115.132 states in pertinent part:

"In any investigation undertaken by the director of industrial relations pursuant to sections 4115.03 to 4115.16 of the Revised Code, the director * * * may * * * compel * * * the production of papers, books, accounts, payrolls, documents, records, and testimony relating to and relevant to the violation under investigation. * * * "

We believe that the foregoing statutory provisions not only empower the Director of ODIR or his designated representative to inspect any payroll record germane to an alleged violation of R.C. Chapter 4115, but also require

---

3. Ohio Asphalt argued in the courts below that R.C. 4115.07 is a statute of limitations barring the Director of ODIR from examining a contractor's records with respect to projects which have been completed for more than one year. However, the court of appeals correctly rejected such argument in explaining that R.C. 4115.07 "merely sets the minimum period of time for which the contractor must retain records" relevant to public improvement contracts.

him to do so. *Harris v. Stutzman* (1989), 42 Ohio St.3d 13, 14, 536 N.E.2d 1154, 1156. See, also, *Van Hoose, supra.* Accordingly, we hold that R.C. 4115.13 and 4115.132 grant the Director of Industrial Relations broad powers to inspect any payroll record relevant to the investigation of an alleged violation of the prevailing wage law.

Based on all the foregoing, we reverse the judgment of the court of appeals and reinstate the judgment of the trial court.

*Judgment reversed.*

MOYER, C.J., DOUGLAS, H. BROWN and RESNICK, JJ., concur.

HOLMES and YOUNG, JJ., dissent.

WILLIAM W. YOUNG, J., of the Twelfth Appellate District, sitting for WRIGHT, J.

HOLMES, J., dissenting. I would affirm the court of appeals in all respects.

YOUNG, J., concurs in the foregoing dissenting opinion.