JOURNAL ENTRY and OPINION
Appellant Esprit Contractors, Inc, (Esprit) appeals the judgment of the trial court finding it failed to pay the prevailing wage in violation of R.C. 4115 and awarding appellee OBES unpaid wages and a penalty on behalf of affected Esprit employees. Esprit assigns the following error for review:
 I. THE TRIAL COURT ERRED IN AWARDING BACK WAGES TO PLAINTIFF ON BEHALF OF VARIOUS EMPLOYEES ESPRIT CONTRACTORS SINCE THE OBES FAILED TO FOLLOW ITS STATUTORY MANDATE IN DETERMINING THE APPROPRIATE PREVAILING WAGE FOR THE WORK PERFORMED BY THE EMPLOYEES AT ISSUE.
Having reviewed the record and the legal arguments of the parties, we affirm the trial court's judgment. The apposite facts follow.
In 1993, C.T. Taylor Co. secured the position of general contractor for the construction of the Coventry Parking Garage for the city of Cleveland Hts., and the Lakewood Service Garage for the city of Lakewood. C.T. Taylor Co. selected appellant Esprit Contractors, Inc dba Esprit Constructors, Inc. (Esprit), to serve as subcontractor, providing the labor force needed to perform the majority of work on both projects. Charles Taylor serves as president for both C.T. Taylor, Co. and Esprit.
In July 1994, three interested parties filed prevailing wage complaints in connection with Esprit's construction projects. OBES investigated the complaints. Through its investigation, OBES determined Esprit failed to pay the appropriate prevailing wage on both projects. In June and July 1995, OBES notified Esprit of its finding and requested Esprit pay various employees' back wages totaling $43,562.03 on the Coventry project and $4,843.21 on the Lakewood project. When Esprit failed to comply with this request, OBES filed a complaint in common pleas court to recover the back wages pursuant to R.C. S4115.05.
At trial, OBES presented evidence that it provided both the city of Lakewood and the city of Cleveland Heights with prevailing wage rate packets consisting of every classification of job from asbestos worker to well driller. Esprit, having reviewed the wage packet, elected to pay the Heavy and Highway laborer's rate for form setting work historically performed by carpenters. The Heavy and Highway laborer's form setting rate represented a significant savings to Esprit over the higher carpenter's rate. OBES also presented testimony showing no jurisdictional disputes between the trades the carpenter's trade maintained sole jurisdiction to perform the form setting work done on the Esprit projects.
Esprit presented evidence that it contacted the prevailing wage coordinator for the city of Cleveland Heights to discuss its use of the Heavy and Highway laborer's rate. However, the prevailing wage coordinator testified he never gave Esprit authorization to use the Heavy and Highway laborers rate. Rather, he suggested Esprit contact Ohio Department of Industrial Relations (currently OBES) to verify the appropriate rate classification. Esprit admitted it failed to contact OBES for clarification.
Following the trial, the court returned a judgment in favor of OBES. The trial court found Esprit failed to pay the appropriate prevailing wage and awarded OBES $48,405.24 for unpaid wages and $48,405.24 in penalties as provided by statute. Esprit appeals the trial court's judgment.
In its sole assignment of error, Esprit argues the trial court erred in determining it underpaid employees where OBES failed in its duty to provide appropriate prevailing wage data. Esprit contends OBES possessed a duty to tell the contracting authority exactly what the prevailing wage was for each job required in the construction of the project. Esprit asserts OBES failed in its duty. Esprit apparently argues OBES' alleged failure relieves Esprit of the responsibility to pay employees back wages. In light of the Ohio Supreme Court's opinion in Ohio Asphalt Paving, Inc. v. Ohio Dept. of Industrial Relations (1992), 63 Ohio St.3d 512,589 N.E.2d 35, we must disagree.
In Ohio Asphalt Paving, Inc., the Ohio Supreme Court held a contractor will be held liable for the underpayment of prevailing wages with respect to a public improvement contract, even where the public authority fails to include prevailing wage specifications in the contract. Id. at 517, 589 N.E.2d at 39. The Ohio Supreme Court reasoned that the contractor possessed a duty to comply with prevailing wage laws independent of the duty of the public authority to provide appropriate prevailing wage data. Id. Further, the Ohio Supreme Court reasoned workers who the General Assembly enacted the prevailing wage laws to protect should not suffer based on a failure by the contractor or agency to comply with the laws. Id. Applying similar reasoning to the instant case, we conclude Esprit possessed a duty to pay its employees the prevailing wage irrespective of the quality of the information it received from the cities' prevailing wage coordinators or OBES.
Esprit also argues the trial court erred in deciding the carpenter's rather than labor's rate applied to form setting activities based solely on past practice. Esprit argues the trial court's decision disregards the Ohio Supreme Court's holding in Pipe Fitters Union Local No. 392 v. Koskosing Const. Co., Inc. (1998), 81 Ohio St.3d 214, 690 N.E.2d 515. Esprit obviously misreads the Pipe Fitters decision.
In Pipe Fitters the Ohio Supreme Court held:
 [i]n determining whether work performed on a public improvement should be classified as work appropriate to a particular trade or occupation for prevailing wage purposes, a court may consider factors other than past assignment of similar work in the county where the public improvement is located.
Pipe Fitters at 222, 690 N.E.2d at 521 (Emphasis on original.) The Ohio Supreme Court reasoned limiting work assignments to past county practice would create the absurd result that an assignment of a particular kind of work * * * to members of a particular union at any point in past time would forever preclude any argument thereafter in that county that the initial work assignment might have been inappropriate, or that times and circumstances have changed justifying reevaluation of the appropriate workers to perform the work. Id.
The party seeking to establish that past practice in a particular county fails as an appropriate indicator for current work assignment purposes bears the burden of demonstrating the existence of other factors for the trial court's consideration. Id.
OBES supported its claim that Esprit should pay the carpenter's rate by presenting evidence of the work performed, skills involved, past industry practice and guidelines as established in collective bargaining agreements. OBES presented evidence the collective bargaining agreement for Carpenter's, not Heavy and Highway laborer's covered the setting, fabrication and stripping of concrete and plywood formwork, grade beam and bracing work required in the Esprit project. OBES presented testimony from the Heavy and Highway Laborer's Union 860 business representative stating the work performed was not covered by his members in Cuyahoga County. In contrast, Esprit failed to present any evidence suggesting the past assignment of form setting work to carpenters was inappropriate, or that times and circumstances changed justifying reevaluation of the appropriate workers to perform the job. Thus, the trial court did not err in deciding the carpenter's rate applied to Esprit's projects.
Accordingly, we overrule Esprit's assignment of error and affirm the judgment of the trial court.
It is ordered that appellee recover of appellants her costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
 ___________________________ PATRICIA ANN BLACKMON, J.
ANN DYKE, A.J., and LEO M. SPELLACY, J., CONCUR.