INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL, AND ORNAMENTAL IRON WORKERS, LOCAL UNION 290, APPELLANT, *v.* OHIO BRIDGE CORPORATION, APPELLEE.

(No. 1-85-35 — Decided January 23, 1987.)

*Allotta, Singer & Farley, Joseph Allotta* and *Larry Farley,* for appellant.

*Bricker & Eckler, Richard Rogovin* and *Kent Stuckey,* for appellee.

*Per Curiam.* This is an appeal by plaintiff, International Association of Bridge, Structural, and Ornamental Iron Workers, Local Union 290, from a summary judgment of the Court of Common Pleas of Allen County granted to defendant, Ohio Bridge Corporation.

The plaintiff (hereinafter "Union") is an organized labor union representing various members involved in the building trades in Allen County. The defendant is a private contractor who was awarded a contract for bridge and road construction in Allen County.

On March 22, 1985, the Union filed a complaint alleging that defendant had violated the prevailing wage law set forth in R.C. Chapter 4115. On April 15, 1985, defendant filed a motion to dismiss on the basis that such an action may only be commenced by an interested party as defined by R.C. 4115.03(F) and that the Union was not such an interested party. Because the parties relied on matters outside the complaint, the court converted the motion to dismiss into a motion for summary judgment. The court found that the Union was not an interested party as defined in the Revised Code, did not have standing to maintain the suit, and thus granted summary judgment to defendant.

The Union now appeals that judgment and assigns as error:

"1. The Lower Court erred in finding that the Plaintiff-Appellant did not have standing to maintain an action for violations of Chapter 4115 of the Ohio Revised Code.

"2. The Lower Court erred in finding that the Plaintiff-Appellant was not an 'interested party' under Section 4115.03(F) of the Ohio Revised Code."

Because both assignments of error relate to the Union's ability to maintain this suit, they shall be disposed of together.

R.C. 4115.16(A) states:

"(A) An interested party may file a complaint with the director of industrial relations alleging a violation of sections 4115.03 to 4115.16 of the Revised Code. The director, upon receipt of a complaint, shall investigate pursuant to section 4115.13 of the Revised Code. If the director determines that no violation has occurred, the interested party may appeal the decision to the court of common pleas of the county where the violation is alleged to have occurred."

R.C. 4115.03(F) defines an "interested party" as:

"(F) 'Interested party,' with respect to a particular public improvement, means:

"(1) Any person who submits a bid for the purpose of securing the award of a contract for construction of the public improvement;

"(2) Any person acting as a subcontractor of a person mentioned in division (F)(1) of this section;

"(3) Any bona fide organization of labor which has as members or is authorized to represent employees of a person mentioned in division (F)(1) or (2) of this section and which exists, in whole or in part, for the purpose of negotiating with employers concerning

the wages, hours, or terms and conditions of employment of employees;.

"(4) Any association having as members any of the persons mentioned in division (F)(1) or (2) of this section."

It is undisputed that the defendant was the sole bidder on this particular construction contract, and that no members of the Union were employed by defendant. Nevertheless, the Union contends that it is an interested party under R.C. 4115.03(F)(3) in that its own bylaws and constitution "authorize" it to represent the non-union employees of defendant.

The Union asserts that the statute must be interpreted so as to give effect to the legislative intent, and that the trial court erred in "strictly construing" the term "authorize." We agree that general principles of statutory construction require courts to interpret statutes so as to effect legislative intent, but are not of the opinion that the trial court failed to do so. We find no legislative intent that the union's own bylaws or constitution can be asserted to "authorize" the Union's representation of non-union employees working on a construction site which itself has no relation to the union, statutory or otherwise. The term "authorize" is not defined in the statute. Therefore, the common meaning associated with the term must be employed. The term "authorize" requires some sort of active delegation of rights. Black's Law Dictionary (5 Ed. 1979) 122 defines "authorize" as "To empower; to give a right or authority to act. To endow with authority or effective legal power, warrant, or right. * * *" Thus, based on common meaning, the Union's own constitution cannot be used to "authorize" the Union's representation of individuals who have not sought such representation. To hold otherwise would permit any union to "bootstrap" itself into the position of an "interested party."

In *State, ex rel. Evans,* v. *Moore* (1982), 69 Ohio St. 2d 88, 91, 23 O.O. 3d 145, 147, 431 N.E. 2d 311, 313, the Supreme Court stated: "* * * the primary purpose of the prevailing wage law is to support the integrity of the collective bargaining process by preventing the undercutting of employee wages in the private construction sector." In enacting the prevailing wage laws, the legislature enabled a broad group of parties to bring suit for violations of this statute. However, each group enumerated in R.C. 4115.03(F) has some direct involvement with the contractor alleged to have violated the prevailing wage laws, either through members of a union employed by the contractor, or through an unsuccessful bidder on the same contract, or through a subcontractor of a bidder. The Union, in its brief, states, "If the prevailing wage laws are not enforced, its [the Union's] signatory contractors will not be able to bid competitively and Local 290's members employed by them will lose income." This allegation is inaccurate; a signatory contractor who unsuccessfully bids on a contract would have standing to enforce the prevailing wage laws, under R.C. 4115.03(F)(1), as would any union whose members are being paid less than the prevailing wage, under R.C. 4115.03(F)(3).

Where, however, as here, the defendant was the sole bidder on the construction contract, and employs no members of the Union, the Union is not an interested party as defined by R.C. 4115.03(F)(3) and does not have standing to maintain this suit.

There being no genuine issue of material fact, and the defendant being entitled to judgment as a matter of law, reasonable minds could come to but one conclusion, and that conclusion is in favor of defendant. *Harless* v. *Willis Day Warehousing Co.* (1978), 54 Ohio St. 2d 64, 8 O.O. 3d 73, 375 N.E.

2d 46. The trial court correctly granted defendant summary judgment, the assignments of error are without merit, and the judgment is affirmed.

*Judgment affirmed.*

GUERNSEY, P.J., COLE and MILLER, JJ., concur.