PIPE FITTERS UNION LOCAL NO. 392, AFL–CIO, Appellant,

v.

KOKOSING CONSTRUCTION COMPANY, INC. et al., Appellees; Laborers Local 265, AFL–CIO.

[Cite as *Pipe Fitters Union Local No. 392 v. Kokosing Constr. Co., Inc.* (1993), 90 Ohio App.3d 560.]

Court of Appeals of Ohio,
Hamilton County.

No. C–920545.

Decided Sept. 29, 1993.

*Wood & Lamping* and *Harold G. Korbee,* for appellant.

*Schottenstein, Zox & Dunn* and *Roger L. Sabo,* for appellee Kokosing Construction Company, Inc.

*Fay D. Dupuis,* City Solicitor, and *Julie F. Bissinger,* Assistant City Solicitor, for appellee city of Cincinnati.

---

HILDEBRANDT, Judge.

Plaintiff-appellant, Pipe Fitters Union Local No. 392, appeals from the summary judgment granted by the Hamilton County Court of Common Pleas in favor of defendants-appellees, Kokosing Construction Company, Inc. ("Kokosing"), and the city of Cincinnati ("city") (collectively, "appellees"). For the reasons that follow, we reverse the trial court's judgment.

On October 22, 1991, appellant filed a complaint in the trial court in which it alleged, *inter alia,* that it is a labor organization that represents, for collective-bargaining purposes, employees engaged in all work performed in connection with pipe fitting systems; that Kokosing is an Ohio corporation engaged in construction activities, including public improvements; that in 1988, the city undertook to improve its California waterworks facility, which project constituted a public improvement; that Kokosing submitted a bid and was awarded the general construction contract for the California project by the city; that Kokosing is required to pay all laborers, workmen and mechanics the prevailing rate of wages as defined in R.C. 4115.03 through 4115.16; that Kokosing paid its employees who were performing the work of pipe fitters a wage that is less than the prevailing rate of wages for pipe fitters, as a result of which the employees have suffered damages; that the city is obligated under R.C. 4115.03 through 4115.16 to ensure that Kokosing pays its employees the prevailing wage rate; and that the city breached that duty, as a result of which the employees have suffered damages.

Appellant demanded certain relief, including a declaration that appellees had violated Ohio's prevailing wage law by not paying the prevailing rate of wages to

all employees [1] doing pipe fitting work, an order directing the Ohio Department of Industrial Relations to take appropriate action to prevent further violations of the prevailing wage law, an order requiring appellees to pay the required prevailing rate of wages to all employees performing pipe fitting work, an accounting by the court to determine the wages due the Kokosing employees from the city, and attorney fees and costs.

On November 21, 1991, Kokosing, pursuant to Civ.R. 19, joined as a party defendant Laborers Local 265 ("Laborers"). By January 28, 1992, all defendants had answered appellant's complaint. Following a period of discovery, during which the depositions and affidavits of various individuals were taken,[2] Kokosing moved for summary judgment on May 11, 1992. Also on that date appellant filed its motion for summary judgment. On May 20, 1992, the city filed its summary-judgment motion. On June 17, 1992, and again on June 19, 1992,[3] the trial court placed of record its opinion and judgment entry granting summary judgment to Kokosing and the city, while denying appellant's motion.

In its two assignments of error, appellant alleges that the trial court erred in granting appellees' motions for summary judgment and in denying appellant's motion for summary judgment.

Appellees claim, and the trial court agreed, that this action is, in essence, a challenge by appellant to Kokosing's assignment of the process-piping work [4] at the California plant to laborers, and that it is, therefore, a work-jurisdiction dispute between unions which is preempted by the National Labor Relations Act ("NLRA"). According to appellees, appellant's use of Ohio's prevailing wage statute as the foundation of its action is a mere pretext. Appellant denies the existence of any work-jurisdiction dispute, stating that it does not claim the process-piping work for its own members. Instead, appellant argues, this action was filed only to ensure that the laborers performing the process-piping work at the water-treatment plant were paid the prevailing wage for pipe fitters, which is higher than the prevailing laborers' wage.

---

1. We assume appellant inadvertently used the term "employers" in its complaint.

2. We note that the depositions of Everett Hull, T.d. 45 and Alphonso Jordan, T.d. 46, remain sealed within the envelopes in which they were filed in the trial court. Both of these depositions are relied upon in support of certain summary-judgment motions. Further, the trial court cites the Hull deposition in its opinion and judgment entry, T.d. 61, at 8.

3. The June 19, 1992, filing is designated *nunc pro tunc* to June 17, 1992. See T.d. 61.

4. Process-piping is piping used for the processing of a particular product; in this case, that product is drinking water. The installation of sanitary piping is not involved in this case.

Section 8(b)(4)(D) of the NLRA states that it is an unfair labor practice for a labor organization to attempt to force or require an employer to assign particular work to its own members rather than to employees in another labor organization. Section 158(b)(4)(D), Title 29, U.S.Code. Further, Section 10(k) of the Act empowers the National Labor Relations Board ("NLRB") to resolve disputes arising under section (8)(b)(4)(D). Section 160(k), Title 29, U.S.Code.

In *Highway Truckdrivers, Local 107 (Safeway Stores, Inc.)* (1961), 134 N.L.R.B. 1320, the NLRB adopted what became known as the *Safeway* rule, stating: "Sections 8(b)(4)(D) and 10(k) were designed to resolve competing claims between rival groups of employees, and not to arbitrate disputes between a union and an employer where no such competing claims are involved." *Id.* at 1322. A Section 8(b)(4)(D) jurisdictional dispute cannot by definition exist unless there are rival claims to the same work. *N.L.R.B. v. Plasterers Local Union No. 79* (1971), 404 U.S. 116, 92 S.Ct. 360, 30 L.Ed.2d 312.

Appellant's argument is that this case involves only the provisions of Ohio's prevailing wage law contained in R.C. Chapter 4115. R.C. 4115.04 states in part:

"Every public authority authorized to contract for or construct with its own forces a public improvement, before advertising for bids or undertaking such construction with its own forces, shall have the department of industrial relations determine the prevailing rates of wages of mechanics and laborers in accordance with section 4115.05 of the Revised Code for the class of work called for by the public improvement, in the locality where the work is to be performed."

R.C. 4115.05 mandates, in part:

"The prevailing rate of wages to be paid for a legal day's work, as prescribed in section 4115.04 of the Revised Code, to laborers, workmen, or mechanics upon public works shall not be less at any time during the life of a contract for the public work than the prevailing rate of wages then payable in the same trade or occupation in the locality where such public work is being performed, under collective bargaining agreements or understandings, between employers and bona fide organizations of labor in force at the date the contract for the public work, relating to the trade or occupation, was made, and collective bargaining agreements or understandings successor thereto."

R.C. 4115.16 provides, in part:

"(A) An interested party may file a complaint with the director of industrial relations alleging a violation of sections 4115.03 to 4115.16 of the Revised Code. The director, upon receipt of a complaint, shall investigate pursuant to section 4115.13 of the Revised Code. If the director determines that no violation has occurred, the interested party may appeal the decision to the court of common pleas of the county where the violation is alleged to have occurred.

"(B) If the director has not ruled on the merits of the complaint within sixty days after its filing, the interested party may file a complaint in the court of common pleas of the county in which the violation is alleged to have occurred. The complaint may make the contracting public authority a party to the action, but not the director. * * * The court in which the complaint is filed pursuant to this division shall hear and decide the case, and upon finding that a violation has occurred, shall make such orders as will prevent further violation and afford to injured persons the relief specified under sections 4115.03 to 4115.16 of the Revised Code. The court's finding that a violation has occurred shall have the same consequences as a like determination by the director. The court may order the director to take such action as will prevent further violation and afford to injured persons the remedies specified under sections 4115.03 to 4115.16 of the Revised Code. Upon receipt of any order of the court pursuant to this section, the director shall undertake enforcement action without further investigation or hearings."

There is no dispute in this case that the California waterworks project is a "public improvement," or that the city is a "public authority," as those terms are defined in R.C. 4115.03. Indeed, the city solicited and received a wage determination from the Ohio Department of Industrial Relations pursuant to R.C. 4115.04.

R.C. 4115.03(F) defines an "interested party" as follows:

"(1) Any person who submits a bid for the purpose of securing the award of a contract for construction of the public improvement;

"(2) Any person acting as a subcontractor of a person mentioned in division (F)(1) of this section;

"(3) Any bona fide organization of labor which has as members or is authorized to represent employees of a person mentioned in division (F)(1) or (2) of this section and which exists, in whole or in part, for the purpose of negotiating with employers concerning the wages, hours, or terms and conditions of employment of employees;

"(4) Any association having as members any of the persons mentioned in division (F)(1) or (2) of this section."

While all of the defendants, in their respective answers, denied appellant's allegation in the first paragraph of its complaint that it is a labor organization that represents employees engaged in pipe fitting work for collective-bargaining purposes, there is ample evidence in the record to support that allegation. Further, there is no dispute on appeal that appellant is an interested party with standing to bring an action under R.C. 4115.16(B). Finally, we note that appellant's original complaint filed with the Director of Industrial Relations was

not ruled upon within sixty days, which is another prerequisite to the filing of an action under R.C. 4115.16(B).

The issue to be resolved is whether appellant's complaint is an effort to enforce the prevailing wage law, or whether it raises, in essence, a work-jurisdiction issue that is preempted by federal labor law. Clearly, a dispute that is solely concerned with which union has jurisdiction over the work to be performed falls within the domain of federal labor law. However, under the NLRB's *Safeway* rule and *Plasterers Local Union No. 79, supra,* there is no jurisdictional dispute unless there are rival claims to the same work. Here, appellant does not claim that the process-piping work should have been assigned to its own members; rather, it merely seeks to ensure that the higher prevailing wage for pipe fitters is paid to the laborers who performed process-piping work at the California water-treatment plant. We agree with the dissenting opinion of Judge Hoffman in *Plumbers Local Union No. 94 v. Kokosing Constr. Co.* (Sept. 28, 1992), Stark App. No. CA–8865, unreported, at 8, 1992 WL 274773, which reads in part as follows:

"Resolution of prevailing wage cases would seem to often, if not always, tangentially involve 'work jurisdiction' questions. However, this tangential involvement should not lead to the automatic conclusion that state courts lack jurisdiction to resolve the underlying prevailing wage dispute.

"The majority and trial court regard appellant's claims as calling [for] resolution of which employees' union should perform the work. The more appropriate inquiry in a prevailing wage case is which employees' union has performed this specific type of work in the past within the same 'locality.' This is the essence of a prevailing wage case and distinguishes it from a 'work jurisdiction' case.

"The trial court need not enter any order directing that the work be awarded to any particular employees' union now or in the future. The trial court must merely determine what amount of wages are to be paid to the employees who performed the work."

Therefore, we hold that appellant's claim is not preempted by the National Labor Relations Act, and that the trial court is not without jurisdiction to decide the matters raised in appellant's complaint.

The trial court granted summary judgment to appellees and denied summary judgment to appellant for the sole reason that it believed appellant's claim to be preempted by federal labor law. Therefore, we sustain appellant's first assignment of error, which alleges that the trial court erred in granting summary judgment for appellees, because we conclude that the trial court erred in its resolution of the preemption issue. With respect to the second assignment of error, we determine that the trial court erred in denying summary judgment to

appellant on the ground that its claim is preempted by federal labor law. We reverse the trial court's judgment and we remand this cause for further proceedings including but not limited to a determination as to whether any of the parties is entitled to summary judgment on grounds other than the preemption issue.

*Judgment reversed
and cause remanded.*

SHANNON, P.J., and GORMAN, J., concur.