[This opinion has been published in *Ohio Official Reports* at 81 Ohio St.3d 214.]

PIPE FITTERS UNION LOCAL NO. 392, APPELLEE, *v*. KOKOSING CONSTRUCTION COMPANY, INC. ET AL., APPELLANTS; CITY OF CINCINNATI, APPELLEE.

[Cite as *Pipe Fitters Union Local No. 392 v. Kokosing Constr. Co., Inc.*, 1998-Ohio-465.]

*Public contracts—Prevailing wage law—Factors court may consider in determining whether work performed on a public improvement should be classified as work appropriate to a particular trade or occupation for prevailing wage purposes.*

In determining whether work performed on a public improvement should be classified as work appropriate to a particular trade or occupation for prevailing wage purposes, a court may consider factors other than past assignment of similar work in the county where the public improvement is located.

(No. 96-2227—Submitted November 4, 1997—Decided March 11, 1998.)

APPEALS from the Court of Appeals for Hamilton County, Nos. C-950220 and C-950234.

---

{¶ 1} In 1991, appellee Pipe Fitters Union Local No. 392 ("Pipe Fitters 392") filed a complaint naming as defendants, appellant Kokosing Construction Company, Inc. ("Kokosing") and appellee city of Cincinnati. Pipe Fitters 392 alleged that it is a labor organization representing employees engaged in all work performed in connection with pipe-fitting systems; that Kokosing is an Ohio corporation engaged in construction activities, including public improvements; that in 1988, the city of Cincinnati undertook a public improvement project to improve a water filtration facility known as the California Water Treatment Plant; that Kokosing submitted a bid and was awarded the general construction contract for the California project by the city; that Kokosing is required to pay all laborers, workmen, and mechanics the

prevailing rate of wages as defined in R.C. 4115.03 through 4115.16; that Kokosing paid its employees who were performing the work of pipe fitters (process-piping) a wage that is less than the prevailing rate of wages for pipe fitters; that the city is obligated under R.C. 4115.03 through 4115.16 to ensure that Kokosing pays its employees the prevailing wage rate; and that the city breached that duty.

{¶ 2} Process-piping is used to transport liquids while they are being "processed." At the California facility, process-piping conveys impure river water while it is being converted into purified drinking water. Process-piping is also used in the filtration process of waste-water treatment plants before water is returned to natural water sources such as rivers.

{¶ 3} Pipe Fitters 392 sought, *inter alia*, a declaration that both Kokosing and the city had violated Ohio's prevailing wage law in that workers installing process-piping at the California plant had been paid the prevailing rate of laborers rather than the prevailing rate paid to pipe fitters.

{¶ 4} Appellant Laborers Local 265 ("Laborers 265"), whose members were employees of Kokosing, and to whom Kokosing had assigned the work of installing process-piping at the California facility, thereafter joined the action as a party-defendant pursuant to Civ.R. 19. Laborers 265 argued that Kokosing's payment to their members of the prevailing wage established for laborers was consistent with the requirements of Ohio prevailing wage law.

{¶ 5} Ultimately the trial court determined that it lacked jurisdiction over the complaint and granted summary judgment to Kokosing and the city. It accepted Kokosing's argument that the action filed by Pipe Fitters 392 was preempted by the National Labor Relations Act ("NLRA"), Sections 151-169, Title 29, U.S.Code, in that it constituted a challenge to Kokosing's assignment of the process-piping work at the California plant to members of the laborers union rather than to members of the pipe fitters union and that it therefore constituted a work-jurisdiction dispute between unions.

**{¶ 6}** The court of appeals reversed and remanded the cause for final adjudication, noting that "there is no dispute on appeal that [Pipe Fitters 392] is an interested party with standing to bring an action under R.C. 4115.16(B)." *Pipe Fitters Union Local No. 392 v. Kokosing Constr. Co., Inc.* (1993), 90 Ohio App.3d 560, 564, 630 N.E.2d 28, 31 ("*Pipe Fitters I*"). It concluded that the claim of Pipe Fitters 392 was not preempted by the NLRA, and that the trial court erred in determining itself to be without jurisdiction to determine the prevailing wage matters raised in the complaint. We thereafter refused to certify the record. *Pipe Fitters Union Local No. 392 v. Kokosing Constr. Co., Inc.* (1994), 68 Ohio St.3d 1452, 626 N.E.2d 692.

**{¶ 7}** After hearing the case on remand, the trial court determined that the evidence overwhelmingly established that "members of the Laborers Union have done the vast majority of work on [other] sewage treatment plants including process-piping and were paid laborer's union wages" on projects both in Hamilton County and throughout the state of Ohio. Accordingly, judgment was entered in favor of Kokosing. The trial court did not change its earlier grant of summary judgment to the city.

**{¶ 8}** On appeal the court of appeals again reversed and remanded the cause ("*Pipe Fitters II*"), stating, "[P]ipe fitters had performed all the process-piping work at the California water treatment facility prior to this project. Further evidence indicated that pipe fitters had performed process-piping work at other locations in Hamilton County in the past. Although evidence was presented that laborers had performed process-piping work at several waste water treatment plants in Hamilton County, this work was performed on projects started after the project at the California facility had begun. This evidence did not relate to 'past' practices in Hamilton County. Furthermore, although evidence was presented that laborers' prevailing rate of wages had been paid to workers who performed process-piping work in Hamilton County in the past, there was no evidence presented that laborers had performed that work. This evidence did not relate to which 'occupation' had traditionally done this work." The

court of appeals held that the trial court thus erred in entering judgment for Kokosing in that "the proper prevailing rate of wages to be paid the laborers who performed the process-piping work at the water treatment facility in California was that of the pipe fitters."

{¶ 9} In a concurring opinion, Presiding Judge Bettman wrote to express her "discomfort with a case resolution in which the plaintiffs [Pipe Fitters] are successful in seeking relief for the defendants [Laborers] which the defendants do not want and which the plaintiffs concede they cannot get for themselves." She expressed her disagreement with the court's prior holding in *Pipe Fitters I*, characterizing the dispute as being a jurisdictional work dispute between unions, which normally would be resolved upon the filing of a charge of an unfair labor practice with the National Labor Relations Board ("NLRB") pursuant to Sections 8(b)(4)(D) [Section 158(b)(4)(D), Title 29, U.S.Code] and 10(k) [Section 160(k), Title 29, U.S.Code] of the National Labor Relations Act.

{¶ 10} The court of appeals affirmed the trial court's dismissal of all claims asserted against the city.

{¶ 11} This cause is now before the court upon the allowance of discretionary appeals.

_____

*Wood & Lamping*, *Harold G. Korbee* and *C.J. Schmidt*, for appellee Pipe Fitters Union Local No. 392.

*Schottenstein, Zox & Dunn*, *Roger L. Sabo* and *Patrick A. Devine*, for appellant Kokosing Construction Company, Inc.

*Lawrence M. Oberdank Co., L.P.A.,* and *Lawrence M. Oberdank,* for appellant Laborers Local 265.

*Fay D. Dupuis*, City Solicitor, and *Julie F. Bissinger*, Assistant City Solicitor, for appellee city of Cincinnati.

*Schottenstein, Zox & Dunn* and *Corey V. Crognale,* urging reversal for *amicus curiae,* Ohio Contractors Association.

*Snyder, Rakay & Spicer* and *Gary Snyder; Cloppert, Portman, Sauter, Latanik & Foley* and *Frederick G. Cloppert, Jr.,* urging affirmance for *amicus curiae*, Ohio State Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry.

———————————

**MOYER, C.J.**

{¶ 12} Appellants Kokosing and Laborers 265 argue, *inter alia,* that, in purportedly determining the respective rights and responsibilities of the parties pursuant to R.C. Chapter 4115 ("prevailing wage law"), the court of appeals effectively resolved a labor jurisdictional dispute, thereby exceeding the authority established by the Ohio prevailing wage laws. We hold in favor of the appellants, although our reasoning differs from that of the court of appeals. The court of appeals erred in this case not because the courts of this state are preempted from interpreting R.C. Chapter 4115, an issue we do not decide in this case. The court of appeals erred in reversing the trial court because, in exercising its authority, the trial court correctly recognized that appellee Pipe Fitters failed to prove that any provision of R.C. Chapter 4115, properly interpreted, was violated.

I

*Issues Resolved by Application of the Doctrine of Law of the Case*

{¶ 13} This court has historically recognized the doctrine of the law of the case, which establishes that the "decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 3, 11 OBR 1, 2-3, 462 N.E.2d 410, 412. Moreover, where this court refuses jurisdiction following the issuance of an opinion by a court of appeals, the court of

appeals' opinion becomes the law of the case. *Hubbard ex rel. Creed v. Sauline* (1996), 74 Ohio St.3d 402, 405, 659 N.E.2d 781, 784.

{¶ 14} In its opinion in *Pipe Fitters I*, the court of appeals noted that neither Kokosing nor Laborers 265 had, at that point in the litigation, challenged the standing of Pipe Fitters 392 to bring an action under the prevailing wage law of this state. We denied jurisdiction. Because the doctrine of law of the case precludes a litigant from attempting to rely on new arguments on retrial which could have been pursued in a first appeal, the appellants were precluded from challenging the standing of Pipe Fitters 392 to assert a prevailing wage claim on remand. See *Beifuss v. Westerville Bd. of Edn.* (1988), 37 Ohio St.3d 187, 191, 525 N.E.2d 20, 24. Therefore, we accept for purposes of this case only that a union in the position of Pipe Fitters 392 qualifies as an "interested party" as defined in R.C. 4115.03(F) and that such a union has standing to argue that members of another union have been paid less than required by the prevailing wage law. The law of the case doctrine precludes us from examining whether Laborers 265 had standing irrespective of whether its members were, or were not, employees of a contractor who competed against Kokosing for award of the contract that was ultimately awarded to Kokosing. Cf. *Internatl. Assn. of Bridge, Structural & Ornamental Iron Workers v. Ohio Bridge Corp.* (1987), 32 Ohio App.3d 18, 513 N.E.2d 358.

{¶ 15} Similarly, we note that the court of appeals' decision in *Pipe Fitters I* was confined to the issue "whether appellant's complaint [was] an effort to enforce the prevailing wage law, or whether it raise[d], in essence, a work-jurisdiction issue that is preempted by federal labor law." *Pipe Fitters I*, 90 Ohio App.3d at 565, 630 N.E.2d at 31. In deciding that issue, the court held that Pipe Fitters 392's claims of violations of Ohio prevailing wage law were not preempted by the National Labor Relations Act. We refused to accept jurisdiction of *Pipe Fitters I*. Thus, application of the doctrine of the law of the case requires that we accept, for purposes of this case

only, that actions claiming violation of Ohio prevailing wage law are not preempted by the federal law contained in the National Labor Relations Act.

## II

### *Merits of Prevailing Wage Claim*

**{¶ 16}** Kokosing, as the contractor of a public works project, was required to pay the prevailing rate of wages as defined in R.C. 4115.03 through 4115.16 to all laborers, workmen, and mechanics it employed in performing its public improvement contract with the city of Cincinnati. R.C. 4115.05, in governing establishment of prevailing wage rates, states, "The prevailing rate of wages to be paid for a legal day's work, as prescribed in section 4115.04 of the Revised Code, to laborers, workmen, or mechanics upon public works shall not be less at any time during the life of a contract for the public work than *the prevailing rate of wages then payable in the same trade or occupation in the locality where such public work is being performed, under collective bargaining agreements or understandings*, between employers and bona fide organizations of labor in force at the date the contract for the public work, relating to the trade or occupation, was made, and collective bargaining agreements or understandings successor thereto." (Emphasis added.)

**{¶ 17}** Pipe Fitters 392 argues that, in determining whether a violation of R.C. 4115.05 has occurred, past industry practices in the county where the work is located is determinative of the "occupation" or "trade" of workers on the public improvement project. R.C. 4115.03(D) defines "locality" as "the county wherein the physical work upon any public improvement is performed." Because only pipe fitters had installed process-piping at water filtration and waste-water treatment plants in Hamilton County prior to the California water works project, it claims that the proper prevailing wage for Kokosing employees who installed process-piping at the California project

was that of pipe fitters, as opposed to the prevailing wage for laborers. See, also, Ohio Adm.Code 4101:9-4-10(H).[1]

{¶ 18} Pipe Fitters 392 did not seek relief in the form of a judicial order requiring Kokosing to assign process-piping work at the California facility to its members rather than laborers, but argues that its action is focused on wage payment issues rather than work assignment issues. However, in arguing that R.C. Chapter 4115 requires payment of pipe fitter wages rather than laborer wages, appellee is in substance arguing that installation of process-piping is "pipe fitter work" in Hamilton County. Pipe Fitters 392 concedes that Kokosing paid the prevailing wage required to be paid to laborers. Pipe Fitters 392's claim that Kokosing violated prevailing wage law is valid only if its contention is correct that installation of process-piping is necessarily "pipe fitter work" in Hamilton County for purposes of R.C. Chapter 4115. Thus, in considering Pipe Fitters 392's argument, the trial court was required to make a factual determination of whether individual work assignments made by Kokosing were assignments to do the work or craft of a trade or occupation, here either pipe fitters or laborers.

{¶ 19} This is the ultimate issue the National Labor Relations Board would have been called upon to answer in a Section 10 proceeding under the NLRA had Pipe Fitters 392 chosen to file an unfair labor practice charge against Kokosing for improperly assigning process-piping installation work to members of the laborers union as opposed to the pipe fitters union. "The essence of a jurisdictional dispute in the § 8(b)(4)(D) and § 10(k) sense is the existence of a 'dispute between two or more groups of employees over which is entitled to do certain work for an employer.' " *Internatl. Longshoremen's & Warehousemen's Union, Local 62-B (Alaska Timber*

---

1. Ohio Adm.Code 4101:9-4-10(H) provides, "In the event that it is unclear which occupation to catagorize [*sic*] an employee because the work to be performed on a public improvement by said employee fits the description of more than one occupation, the proper occupation shall be determined by looking to past industry practices in the locality concerning which occupation has traditionally done said work."

*Corp.) v. Natl. Labor Relations Bd.* (C.A.D.C.1986), 781 F.2d 919, quoting *Natl. Labor Relations Bd. v. Radio & Television Broadcast Eng. Union, Local 1212 (Columbia Broadcasting System)* (1961), 364 U.S. 573, 579, 81 S.Ct. 330, 334, 5 L.Ed.2d 302, 307.

{¶ 20} We are not required to ignore the fact that the National Labor Relations Act exists when interpreting Ohio prevailing wage law, irrespective of the doctrine of federal preemption. This court "believe[s] in and endeavor[s] to fastidiously adhere to, the principles of federal-state judicial comity." *State ex rel. Natl. City Bank v. Cleveland City School Dist. Bd. of Edn.* (1977), 52 Ohio St.2d 81, 87, 6 O.O.3d 288, 291, 369 N.E.2d 1200, 1204. Moreover, "comity is a proper consideration in statutory interpretation." *Reich v. Great Lakes Indian Fish & Wildlife Comm.* (C.A.7, 1993), 4 F.3d 490, 495. Recognition of Congressional intent that the NLRA provide the governing law in resolving labor disputes, and more particularly, over work-jurisdiction disputes, may influence our own interpretation of state prevailing wage law even if our authority to determine prevailing wage claims is not preempted by federal law.

{¶ 21} Kokosing's chief officer at the construction site, Daniel B. Walker, testified that he assigned the work of installing process-piping to members of the Laborers' District Council of Ohio ("Laborers union") based on Kokosing's past practice over a twenty-year period of using that union's members to construct water treatment facilities throughout the state and efficiency of operation. Walker testified that assignment of process-piping work to the Laborers union was further supported by the existence of a statewide collective bargaining agreement, the Ohio Highway-Heavy-Municipal-Utility State Construction Agreement, executed by the Ohio Contractors Association (of which Kokosing is a member) and over twenty constituent local unions (including Laborers 265). Article II of the agreement designates the following to be work of the Laborers union: "Sewage Plant, Waste Plant, Water Treatment Facilities Construction, Pumping Stations, (except packaged plants) * * *

all work in construction of pumping stations, waste and sewage disposal plants, incinerator plants, water treatment plants, filtration plants and solid waste disposal plants."

{¶ 22} Notably, the factors testified to by Walker generally accord with the so-called *Jones* factors used by the NLRB in resolving work-jurisdiction disputes, those being "the skills and work involved, certifications by the Board, company and industry practice, agreements between unions and between employers and unions, awards of arbitrators, joint boards, and the AFL-CIO in the same or related cases, the assignment made by the employer, and the efficient operation of the employer's business." *Internatl. Assn. of Machinists, Lodge No. 1743, AFL-CIO (J. A. Jones Construction Co.)* (1962), 135 N.L.R.B. 1402, 1410-1411. In examining these factors to resolve work-jurisdiction issues, the NLRB attempts to exercise its common sense and experience in assigning weight to each of the various factors, rather than relying exclusively on precedent. *Id*. See, also, *Laborers' Internatl. Union of N. Am., AFL-CIO, Local 104 (ACMAT Corp.) v. Natl. Labor Relations Bd.* (C.A. 2, 1991), 945 F.2d 55. Professor Modjeska has observed that the NLRB in utilizing the *Jones* factors exercises a decided preference in the usual case for the employer's preferences in making work assignments. Modjeska & Modjeska, Federal Labor Law—NLRB Practice (Rev.Ed.1997), Section 13.04, at Chapter 13, page 10.

{¶ 23} Pipe Fitters 392 urges us, in contrast, to accept the conclusion of the court of appeals that, for purposes of Ohio prevailing wage law, the sole factor to be considered in determining whether the process-piping installation work was the trade or occupation of pipe fitters *vis-a-vis* laborers is whether any workers other than pipe fitters had ever performed process-piping work in Hamilton County at any time prior to the work assignment at issue.

{¶ 24} Although past work assignment practice is considered by the NLRB in resolving work-jurisdiction disputes, it is only one of many factors it may consider. Were we to accept Pipe Fitters 392's argument, we would be fostering possible future

tension, if not outright conflict, between decision-makers in state and federal forums called upon to make a similar determination, although that determination is made for the differing purposes of applying state prevailing wage law and federal labor law. Moreover, we would be creating the absurd result that an assignment of a particular kind of work, here installation of process-piping in water filtration facilities, to members of a particular union at any point in past time would forever preclude any argument thereafter in that county that the initial work assignment might have been inappropriate, or that times and circumstances have changed justifying reevaluation of the appropriate workers to perform the work.

{¶ 25} In interpreting that portion of R.C 4115.05 which requires that wages be paid in accordance with the prevailing rate of wages then payable in the same trade or occupation in the locality where such public work is being performed, the phrase "in the locality where such public work is being performed" modifies the phrase "prevailing rate of wages," rather than the phrase "same trade or occupation." Thus, "locality" in the statute deals with wages, not work classification. Consequently, where a claimed violation of prevailing wage law is asserted pursuant to R.C. Chapter 4115, and where determination of the "trade or occupation" of particular job assignments is required, R.C. 4115.05 does not limit the Department of Industrial Relations (or since October 1995, the Bureau of Employment Services),[2] or a court acting pursuant to R.C. 4115.16, from considering factors other than past work assignment of similar work in the county where the work is proceeding in determining the trade or occupation at issue. We hold that in determining whether work performed on a public improvement should be classified as work appropriate to a particular trade or occupation for prevailing wage purposes, a court may consider factors other than

---

2. Since October 1995, the prevailing wage duties previously exercised by the Department of Industrial Relations and its Director have been exercised instead by the Bureau of Employment Services and its Administrator. 146 Ohio Laws, Part V, 9163, 9628 *et seq.*, 9823.

past assignment of similar work in the county where the public improvement is located.

{¶ 26} The court of appeals erred in finding that it necessarily followed from the fact that only pipe fitters had done process-piping work in water treatment facilities in Hamilton County in the past, that the proper prevailing rate of wages to be paid the workers who performed the process-piping work at the California water treatment facility was that of the pipe fitters.

{¶ 27} Having reviewed the record, we agree with the trial court that the evidence overwhelmingly established that "members of the Laborers Union have done the vast majority of work on [other] sewage treatment plants including process-piping and were paid laborer's union wages" throughout the state of Ohio. We find neither an error of law nor an abuse of discretion on the part of the trial court in exercising its jurisdiction. We therefore reverse the court of appeals and reinstate the decision and judgment of the trial court that Pipe Fitters 392 failed to prove a violation of prevailing wage law by Kokosing.

III

*Claims Against the City of Cincinnati*

{¶ 28} In its appeal of the appellate court's affirmance of the dismissal of the city, Kokosing argues that a public owner, here the city, must assume liability with a contractor who paid prevailing wage pursuant to a public works contract when a court determines that a different prevailing rate of wages than set forth in the contract should have been paid. In that we have found that Kokosing did not violate the prevailing wage law in paying installers of process-piping the prevailing wage rate certified by the Department of Industrial Relations for laborers, this portion of Kokosing's appeal is moot.

*Judgment reversed.*

PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, J., dissents.

RESNICK and F.E. SWEENEY, JJ., dissent and would affirm the judgment of the court of appeals.

———————————