JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, Douglas W. Johnston, appeals the judgment of the Cuyahoga County Court of Common Pleas denying his Civ.R. 60(B) motion for relief from judgment. For the reasons that follow, we affirm.
{¶ 2} Appellant's wife, Martha Johnston (Decedent), died on October 8, 1992 when, after leaving work for the day, she was struck by an out-of-control vehicle as she walked on a public walkway toward the parking garage where she had parked her car. Appellant subsequently filed an application for workers' compensation benefits, alleging that his wife's injuries had occurred in the course of, and arising out of, her employment with defendant-appellee, Case Western Reserve University (CWRU). The claim was initially allowed, but upon the employer's appeal, was disallowed by the Industrial Commission of Ohio. Appellant subsequently appealed the decision of the Industrial Commission to the court of common pleas.
{¶ 3} Both parties filed motions for summary judgment in the trial court. On March 14, 2000, the trial court granted CWRU's motion and denied appellant's cross-motion for summary judgment, finding that appellant was not entitled to participate in the Worker's Compensation Fund.
{¶ 4} On April 11, 2000, appellant moved the trial court for relief from judgment pursuant to Civ.R. 60(B). The following day, April 12, 2000, appellant appealed to this court from the trial court's March 14, 2000 entry of summary judgment, thereby depriving the trial court of jurisdiction to rule on the motion for relief from judgment. Although this court granted a stay on the merits of the appeal and a remand for purposes of determining the Rule 60(B) motion, the trial court did not rule on the motion during the remand period and, accordingly, we then addressed the merits of appellant's appeal.
{¶ 5} On August 6, 2001, this court affirmed the trial court's award of summary judgment in favor of CWRU. Johnston, et al. v. Case Western Reserve University, et al. (Aug. 6, 2001), Cuyahoga App. No. 77852. In our opinion, we noted that Ohio courts have long adhered to the coming and going rule, which provides that an employee with a fixed place of employment, like Decedent, who is injured while traveling to or from his or her place of employment, is not entitled to participate in the Workers' Compensation Fund. We then analyzed the three exceptions to the coming and going rule and found that none of the exceptions were applicable to the facts of this case: 1) Decedent was not in the zone of employment when she was injured; 2) Decedent's employment did not create a special hazard entitling her to workers' compensation for her injuries; and 3) there was no causal connection between Decedent's injury and employment under the totality of circumstances test. The Supreme Court of Ohio subsequently declined jurisdiction to hear appellant's appeal of our decision. Johnston v. Case Western Reserve Univ. (2001),93 Ohio St.3d 1497.
{¶ 6} O n August 17, 2001, shortly after our decision was announced, the trial court denied appellant's Civ.R. 60(B) motion for relief from judgment, ruling that plaintiff has not demonstrated necessity for relief under Civ.R. 60(B).
{¶ 7} Appellant timely appealed the trial court's denial of his motion, raising four assignments of error for our review:
 {¶ 8} I. SUMMARY JUDGMENT WAS NOT APPROPRIATE BECAUSE THERE WAS A GENUINE ISSUE AS TO WHETHER MARTHA JOHNSTON WAS WITHIN THE ZONE OF EMPLOYMENT AND IN THE COURSE OF HER EMPLOYMENT AT THE TIME OF HER DEATH.
 {¶ 9} II. INJURIES SUFFERED OUTSIDE OF THE IMMEDIATE ENCLOSURE OF EMPLOYMENT ARE COMPENSABLE IF THEY ARE SUFFERED WITHIN THE ZONE OF EMPLOYMENT.
 {¶ 10} III.EMPLOYEES INJURED WITHIN THE ZONE OF EMPLOYMENT NEED NOT SHOW A SPECIAL HAZARD IN ORDER TO ESTABLISH A COMPENSABLE INJURY.
 {¶ 11} IV. THE ZONE OF EMPLOYMENT IS ESTABLISHED NOT BY TITLE OWNERSHIP BUT BY CONTRACT, CUSTOM, USAGE, AND MUTUAL BENEFIT TO ALL PARTICIPANTS IN THE EMPLOYMENT RELATIONSHIP.
{¶ 12} Civ.R. 60(B) provides that a court may relieve a party from a judgment or order of the court when certain requirements are met:
 {¶ 13} On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: 1) mistake, inadvertence, surprise or excusable neglect; 2) newly discovered evidence * * *; fraud * * *, misrepresentation or other misconduct of an adverse party; 4) the judgment has been satisfied, released or discharged * * *; or 5) any other reason justifying relief from the judgment.
{¶ 14} A trial court has discretion in determining whether to grant a Civ.R. 60(B) motion for relief from judgment. Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20. Thus, a trial court's decision regarding a Civ.R. 60(B) motion will not be reversed on appeal absent a showing of abuse of discretion. Doddridge v. Fitzpatrick (1978), 53 Ohio St.2d 9, 11. The term abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
{¶ 15} In order to prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), the movant must demonstrate that: 1) he has a meritorious claim or defense; 2) he is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and 3) the motion is made within a reasonable time. GTE Automatic Electric, Inc. v. ARC Industries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. If any of these three requirements is not met, the motion should be overruled. Svoboda v. Brunswick (1983), 6 Ohio St.3d 348, 351.
{¶ 16} Our review of appellant's Civ.R. 60(B) motion indicates that he did not assert the existence of any of the grounds for relief under the rule in his motion, but rather, simply attempted to re-argue to the trial court the same issues that he had already lost on summary judgment. Likewise, in this appeal of the trial court's denial of relief under Civ.R. 60(B), appellant fails to make any assertion or argument that the denial of relief under the rule was improper but, instead, argues that the trial court improperly granted summary judgment to appellee because Decedent was in the zone of employment and in the course of her employment at the time of her death. In light of appellant's failure to demonstrate any grounds for relief under the rule to the trial court or upon appeal, the trial court did not abuse its discretion in denying appellant's motion for relief from judgment.
{¶ 17} Moreover, the doctrine of the law of the case mandated that the trial court deny appellant's Civ.R. 60(B) motion for relief from judgment. The law of the case doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels. Pipe Fitters Union Local No. 392 v. Kokosing Constr. Co. Inc. (1997), 81 Ohio St.3d 214, 218, citing Nolan v. Nolan (1984), 11 Ohio St.3d 1, 3; Spalding v. Coulson, Cuyahoga App. No. 76666, 2001-Ohio-4350; State ex rel. Sharif v. McConnell (May 25, 2000), Cuyahoga App. No. 77120; Pfizenmayer v. Nair (Jan. 13, 2000), Cuyahoga App. No. 74508. The doctrine insures consistency within a case, avoids endless litigation by settling issues and preserves the hierarchy of the courts. Nolan, 11 Ohio St.3d at 3. In pursuit of these goals, the doctrine functions to compel trial courts to follow the mandates of reviewing courts. Id. at 6. Thus,
 {¶ 18} absent extraordinary circumstances, such as an intervening decision by the Supreme Court, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case.
* * *
 {¶ 19} Thus, where at a rehearing following remand a trial court is confronted with substantially the same facts and issues as were involved in the prior appeal, the court is bound to adhere to the appellate court's determination of the applicable law.
{¶ 20} Id. at 3.
{¶ 21} Here, appellant's Civ.R. 60(B) motion for relief from judgment presented the trial court with exactly the same issues that we decided in appellant's first appeal, i.e., whether Decedent's injury occurred in the course of and arising out of her employment with CWRU and, therefore, whether the trial court had properly granted summary judgment to CWRU. Because this court conclusively determined on appeal that Decedent's injury did not occur in the course of or arise out of her employment with CWRU and that summary judgment was properly rendered in favor of CWRU, the doctrine of the law of the case required the trial court to follow our decision and deny appellant's Civ.R. 60(B) motion for relief from judgment. Therefore, the trial court did not abuse its discretion in denying appellant's motion.
{¶ 22} Finally, we note that our decision in appellant's first appeal disposed of all the issues that appellant raises in the instant appeal. Accordingly, the doctrine of the law of the case precludes appellant's attempt to revisit those same issues in this appeal.
{¶ 23} Appellant's assignments of error are therefore overruled.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, J. and DIANE KARPINSKI. J. CONCUR.