OPINION
{¶ 1} Appellant Dan Daluise appeals the March 31, 2000 Judgment Entry of the Stark County Court of Common Pleas dissolving Safturf International Limited, Inc. ("Safturf") and dividing the corporation's assets. Plaintiffs-appellees are Paul Lioi, Allen Teague, Henry Julicher Safturf.
 STATEMENT OF THE CASE AND FACTS {¶ 2} This matter arises out of the involuntary judicial dissolution of Safturf. Safturf incorporated in Ohio in February of 1998. The corporation had four equal shareholders; appellant, Dan Daluise, and appellees, Paul Lioi, Allen Teague and Henry Julicher.
 {¶ 3} On June 9, 1999, appellees Lioi and Teague filed a complaint for judicial dissolution of appellee Safturf. The only parties named in the action were appellees Lioi, Teague and Safturf. Appellant and appellee Julicher were not served with summons and complaint and were not joined as parties. By order dated September 20, 1999, the trial court judicially dissolved appellee Safturf and appointed Scott Marsh as receiver.
 {¶ 4} On March 31, 2000, the trial court filed a judgment entry regarding the assets and debts of appellee Safturf and ordered an auction of said assets for April 14, 2000. In a May 9, 2000 Judgment Entry, the trial court disposed of the assets. Included in this determination were assets owned by appellant. Appellant sought a stay of execution but was unable to post the required bond.
 {¶ 5} On September 29, 2000, appellee Julicher filed a motion for a show cause hearing claiming appellant had not complied with the May 9, 2000 order regarding the transfer of assets. A hearing was held on September 29, 2000. By judgment entry filed October 3, 2000, the trial court found appellant in contempt and sentenced him to thirty days in jail. In the alternative, appellant could purge himself of the contempt by paying $10,000 to appellee Julicher's counsel within ten days of the order. Appellant did not comply with this order.
 {¶ 6} On October 20, 2000, appellee Julicher filed a motion seeking judgment in the amount of $20,000 and the arrest of appellant due to appellant's failure to comply with the October 3, 2000 contempt order. By judgment entry filed November 9, 2000, the trial court granted judgment to appellee Julicher in the amount of $10,000 and ordered a capias for appellant's arrest.
 {¶ 7} On November 1, 2000, appellant filed an appeal of the October 3, 2000 judgment entry. On December 7, 2000, appellant filed an appeal of the November 9, 2000 judgment entry.
 {¶ 8} In a June 25, 2001 Opinion and Judgment Entry, this Court was called upon to determine whether the trial court had jurisdiction to order a shareholder, (appellant Daluise), a non-party to the action, to transfer certain corporate assets to the receiver under the judicial dissolution complaint filed pursuant to R.C. 1701.91. Specifically, we addressed the question of whether the trial court had jurisdiction to order appellant to turn over certain assets of the corporation in his possession when he had not been named as a party in the original action. We determined that the trial court could not, stating:
 {¶ 9} "It is axiomatic that a trial court's power of indirect contempt is limited by the trial court's jurisdiction over the parties. For example, contempt powers are extinguished over parties to a dismissed lawsuit.
 {¶ 10} "* * *
 {¶ 11} "In order for the receiver sub judice to enforce the April 26, 2000 order, appellant should have been named and served as a party in the underlying judicial dissolution action or the receiver should have filed a separate complaint against appellant.
 {¶ 12} Based upon our reasoning supra, we find the trial court was without jurisdiction to order a contempt against appellant and therefore the contempt finding and the accompanying sentence are vacated. * * *"Lioi v. Safturf (June 25, 2001), Stark App. No. 2000CA00333 
2000CA00368.
 {¶ 13} Approximately one year before our above-referenced opinion, the trial court heard evidence on Safturf's assets at a March 30, 2000 hearing. In a March 31, 2000 Judgment Entry, the trial court ordered the distribution of relevant assets. Included in this entry were assets owned by appellant and a corporation named Tracks Unlimited, Inc. Tracks Limited was also not a party, and had not been served with the summons and complaint in this action. Appellant requested the trial court remove Mr. Marsh as the receiver after discovering a number of suspicious financial transactions between Safturf and Lioi and Lioi's related corporations. The trial court denied this motion.
 {¶ 14} On April 14, 2000, the trial court held the auction for the assets. Julicher, Lioi, and Teague bid $50,000 for the assets of Safturf. Subsequent to this bidding, the trial court entered its May 9, 2000 Order regarding the disposition of assets. It is from this judgment entry appellant prosecutes this appeal, assigning the following errors for our review:
 {¶ 15} "I. The trial court did not have jurisdiction to adjudicate the property interests of appellant Daluise and other parties not served with summons and complaint or legal process.
 {¶ 16} "II. The trial court's judgment was against the manifest weight of the evidence because the "Sprinturf" name and the "Artificial Turn.com" internet domain name were not assets owned by Safturf.
 {¶ 17} "III. The trial court erred by denying appellant Daluise's motion to remove Scott Marsh as the receiver of Safturf.
 {¶ 18} "IV. The trial court erred by denying appellant Daluise's motion for judicial protection."
 I {¶ 19} In appellant's first assignment of error, he maintains the trial court did not have jurisdiction to adjudicate his property interest where he was not served with summons and complaint or legal process. We agree.
 {¶ 20} "[T]he doctrine of the law of the case * * * establishes that the `decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels.'" Pipe Fitters UnionLocal No. 392 v. Kokosing Constr. Co., Inc. (1998), 81 Ohio St.3d 214,218, quoting Nolan v. Nolan (1984), 11 Ohio St.3d 1, 3. "Absent extraordinary circumstances, such as an intervening decision by the Supreme Court, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case." Nolan, at syllabus. "Thus, where at a rehearing following remand a trial court is confronted with substantially the same facts and issues as were involved in the prior appeal, the court is bound to adhere to the appellate court's determination of the applicable law." Id. at 3.
 {¶ 21} Because our June 25, 2001 Opinion and Judgment Entry in Stark App. No. 2000CA00333 and 2000CA00368 determined the trial court did not have jurisdiction over appellant, that issue is now law of the case. For this reason, appellant's first assignment of error is sustained.
 II, III, IV {¶ 22} In light of our disposition of appellant's first assignment of error, appellant's second, third, and fourth assignments of error are moot.
 {¶ 23} The March 31, 2000 Judgment Entry of the Stark County Court of Common Pleas is reversed. This matter is remanded to the trial court for further proceedings consistent with this opinion and law.
By: Hoffman, P.J., Farmer, J. and Wise, J. concur.
topic: tc had no jurisdiction, manifest weight, failure to grant motion for removal, motion for judicial protection.