[Cite as *Drummond v. Drummond*, 2013-Ohio-2003.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| ARLENE K. DRUMMOND | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Sheila G. Farmer, J. |
| -vs- | |
| | Case No. 12-CA-36 |
| JAMES E. DRUMMOND, AND THE<br>ESTATE OF JAMES E. DRUMMOND | |
| | O P I N I O N |
| Defendant-Appellant | |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Fairfield County Court of Common Pleas, Case No. 96 DR 237 |
| JUDGMENT: | Reversed and Remanded |
| DATE OF JUDGMENT ENTRY: | May 13, 2013 |
| APPEARANCES: | |

| | |
|---|---|
| For Plaintiff-Appellee | For Defendant-Appellant |
| MARTY ANDERSON<br>ERIC W. JOHNSON<br>Sowald Sowald Anderson<br>& Hawley<br>400 S. Fifth Street, Suite 101<br>Columbus, Ohio 43215 | MARK A. MCLEOD<br>471 East Broad Street, 19th Floor<br>Columbus, Ohio 43215-3872 |

*Hoffman, J.*

{¶1}   Defendant-appellant the Estate of James E. Drummond appeals the June 12, 2012 Judgment Entry entered by the Fairfield County Court of Common Pleas in favor of Plaintiff-appellee Arlene K. Drummond.

STATEMENT OF THE FACTS AND CASE

{¶2}   Appellee and James Drummond ("Decedent") were married in Williamson, West Virginia, on December 20, 1969. Five children were born as issue of said union. Appellee and Decedent were divorced via Judgment Entry/Decree of Divorce filed November 26, 1997. The Decree incorporated this Separation Agreement reached by Appellee and Decedent. At the time of the divorce, Decedent was a retired educator, receiving retirement benefits as provided by the State Teacher Retirement System of Ohio ("STRS").

{¶3}   With respect to Decedent's STRS benefits, the Decree of Divorce provides:

{¶4}   "(a) Until such time a Qualified Domestic Relations Order ("QDRO") assigning the portion of Defendant's benefits to Plaintiff as alternate payee under the STRS pension plan is permitted by law, Defendant shall pay to Plaintiff the sum of $1,374.00 per month (44.41% of Defendant's gross monthly benefit), plus poundage and cost-of-living increases, for Plaintiff's interest in the STRS Plan as spousal support, payable until the death of either Defendant or the Plaintiff.

{¶5}   "(b) Said payments from the STRS shall be deemed periodic spousal support and shall be taxable income to the Plaintiff and tax deductible from the income of the Defendant * * *

**{¶6}** "To effectuate this provision, Defendant shall continue to maintain Plaintiff as the sole irrevocable beneficiary of $1,374.00 per month or 44.41% of his gross monthly retirement benefit, plus cost-of-living increases, and shall take all necessary actions to assure and guarantee that Plaintiff will receive 44.41% of Defendant's gross monthly retirement benefit for the remainder of the Plaintiff's life in the event that Defendant precedes Plaintiff in death.

**{¶7}** "During Plaintiff's lifetime, Defendant shall continue to designate Plaintiff as his sole irrevocable beneficiary of 44.41% of said retirement benefit and, the Defendant's legal separation from the Plaintiff, their divorce, a dissolution of their marriage, the Defendant's remarriage, the birth of a child of the Defendant or his adoption of a child, shall not constitute and automatic revocation of Plaintiff as the beneficiary of 44.41 % of Defendant's monthly payments from STRS."

**{¶8}** Article 4, Section E, of the Separation Agreement provides:

**{¶9}** "11. If HUSBAND precedes WIFE in death, spousal support payments shall terminate and WIFE'S interest in the STRS Pension shall be replaced by the STRS survivor benefits as set forth herein.

**{¶10}** "To effectuate this provision, HUSBAND shall continue to maintain WIFE as the sole irrevocable beneficiary of $1,374.00 per month or 44.41% of his gross monthly retirement benefit, plus costs-of-living increases, and shall take all necessary actions to assure and guarantee that WIFE will receive 44.41% of HUSBAND'S gross monthly retirement benefit for the remainder of the WIFE'S life in the event that HUSBAND precedes WIFE in death."

**{¶11}** Section 6, subsection (n) of the Decree of Divorce also provides the trial court "shall continue to maintain subject matter jurisdiction over the issues of Defendant's designation of plaintiff as the beneficiary of his retirement benefits through the STRS."

**{¶12}** Decedent passed away on September 7, 2006. On February 20, 2009, the Estate filed a notice of suggestion of death; a notice for substitution of parties; and a motion for contempt. In the motion for contempt, the Estate argued Appellee had received and maintained 100% of the monthly survivor benefits from STRS, not the 44.41% for which the Decree had provided; therefore, the Estate argued Appellee was in contempt by retaining these funds.

**{¶13}** The Estate asked the trial court to impose a constructive trust and order Appellee to hold the funds for the benefit for the Estate. Appellee filed a memorandum in opposition thereto on April 16, 2009. Subsequently, Appellee filed a Motion to Dismiss, asserting the trial court was without jurisdiction to hear the Estate's motion. The Estate filed a memorandum contra Appellee's motion to dismiss. The magistrate issued a scheduling order on June 12, 2009. Pursuant thereto, the parties were ordered to reach an agreement as to the uncontested facts of the case. The parties filed Joint Stipulated Findings of Fact on August 21, 2009. On September 3, 2009, Appellee filed a second, additional memorandum in opposition to the Estate's motions and in support of her motion to dismiss. The Estate filed a supplemental memorandum contra Appellee's motion to dismiss on September 4, 2009. The magistrate conducted a non-oral hearing on the pending motions, memorandum, and stipulations filed in the matter.

**{¶14}** Via Decision filed December 24, 2009, the magistrate granted Appellee's motion to dismiss, finding the trial court lacked jurisdiction. The magistrate further found, assuming the trial court had jurisdiction, there was no basis for a constructive trust and Appellee was not unjustly enriched. The trial court dismissed the contempt action and the Estate's claim for attorney fees. The Estate filed objections to the magistrate's decision. Via Entry filed April 1, 2010, the trial court approved and adopted the magistrate's decision as order of the court.

**{¶15}** Appellant filed an appeal from the May 1, 2010 Entry to this Court. On appeal, this Court held the trial court does have power to clarify and construe its original property division order to effectuate judgment, and the Estate was asking the trial court to enforce implementation of the division of the pension as it originally decreed. As a result, this Court held the trial court had jurisdiction over the Estate's request, and the trial court erred in finding it lacked jurisdiction. Further, this Court held the trial court erred and abused its discretion in failing to impose a constructive trust based on the language of the parties' Separation Agreement. Appellee's cross-appeal concerning attorney fees was overruled. Accordingly, this Court reversed the judgment in part and remanded the matter to the trial court for further proceedings. See, *Drummond v. Drummond*, Fairfield App. No. 10CA20, 2010-Ohio-6139.

**{¶16}** On remand, the trial court conducted a hearing on February 10, 2012. The trial court considered the equities prior to determining the existence of a constructive trust finding it retained the authority and discretion to apply all equitable principles to the matter on remand. The trial court further found the court never issued an order naming the Estate of James E. Drummond, JoAnn Kelly-Drummond, or any

other party as a party to the case. The trial court found it would be inequitable to retroactively impose a constructive trust to the date of Decedent's death, and the Separation Agreement and Judgment Entry Decree of Divorce are not the only documents necessary to review in order to determine the intent of the parties. On June 12, 2012, the trial court, via Judgment Entry, denied the imposition of the constructive trust finding the equities do not support the imposition of a constructive trust.

{¶17} Appellant the Estate of James E. Drummond now appeals, assigning as error:

{¶18} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN FAILING TO IMPOSE A CONSTRUCTIVE TRUST AS PREVIOUSLY MANDATED BY THIS COURT.

{¶19} "II. THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION BY ALLOWING TESTIMONY AND EQUITABLE ARGUMENT AS TO WHETHER OR NOT A CONSTRUCTIVE TRUST SHOULD BE IMPOSED.

{¶20} "III. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY ALLOWING TESTIMONY AND EQUITABLE ARGUMENT AS TO APPELLANT'S ABILITY TO REPAY, RETROSPECTIVELY AND PROSPECTIVELY, THAT PORTION OF STRS RETIREMENT BENEFITS, WHICH SHE WAS NOT ENTITLED TO RECEIVE IN THE FIRST PLACE."

I, II, and III.

{¶21} Appellant's assigned errors raise common and interrelated issues; therefore, we will address the arguments together.

{¶22} Appellant asserts the trial court erred in failing to impose a constructive trust. We agree.

{¶23} The law of the case doctrine establishes the "decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." *Pipe Fitters Union Local No. 392 v. Kokosing Constr. Co., Inc.,* 81 Ohio St.3d 214, 218, 690 N.E.2d 515 (1998), quoting *Nolan v. Nolan,* 11 Ohio St.3d 1, 3, 462 N.E.2d 410 (1984). "[A]n inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case." *Nolan,* at syllabus.

{¶24} As set forth in the Statement of the Facts and Case, supra, this Court previously held the trial court had jurisdiction in this matter to enforce division of the pension as it originally decreed, and the trial court erred and abused its discretion in failing to impose a constructive trust based on the language of the parties' Separation Agreement. This Court reversed that portion of the trial court's April 1, 2010 Entry and remanded the matter to the trial court for further proceedings in accordance with this Court's December 9, 2010 Opinion and Judgment Entry.

{¶25} We find our prior decision on both the issues of jurisdiction and the imposition of a constructive trust are law of the case as set forth in this Court's prior opinion, and the trial court erred in failing to impose the constructive trust as previously ordered. This Court remanded the matter to the trial court for a determination of the amount of the constructive trust and the proper terms of repayment.[1] Accordingly, the

---

[1] Though we recognize the following is merely dicta, we offer the same as guidance as one possible alternative for determining the amount due Appellant via the constructive trust. The monthly payment James Drummond received during his lifetime was based

June 12, 2012 Judgment Entry of the Fairfield County Court of Common Pleas is reversed, and the matter remanded to the trial court for further proceedings in accordance with the law and this opinion.

By: Hoffman, J.

Gwin, P.J.  and

Farmer, J. concur

                                        s/ William B. Hoffman_____
                                        HON. WILLIAM B. HOFFMAN

                                        s/ W. Scott Gwin_____
                                        HON. W. SCOTT GWIN

                                        s/ Sheila G. Farmer _____
                                        HON. SHEILA G. FARMER

---

upon his election to retain 100% survivorship benefits for Appellee.  We presume had the survivorship benefits been limited to the 44.41% specified in the divorce decree, James Drummond's monthly payment would have been greater than that actually received.  The difference between those two monthly payments multiplied by the number of monthly payments made after the date of the divorce decree through the date of James Drummond's death might well be the appropriate amount to fund the constructive trust.

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| ARLENE K. DRUMMOND | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| JAMES E. DRUMMOND, AND THE | : | |
| ESTATE OF JAMES E. DRUMMOND | : | |
| | : | |
| Defendant-Appellant | : | Case No. 12-CA-36 |

For the reason stated in our accompanying Opinion, the June 12, 2012 Judgment Entry of the Fairfield County Court of Common Pleas is reversed, and the matter remanded to the trial court for further proceedings in accordance with the law and our Opinion. Costs to Appellee.

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN

s/ W. Scott Gwin_____
HON. W. SCOTT GWIN

s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER