[Cite as *Drummond v. Drummond*, 2014-Ohio-4777.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| ARLENE K. DRUMMOND | : | | JUDGES: |
| | : | | |
| | : | | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | | Hon. Patricia A. Delnaey, J. |
| | : | | Hon. Craig R. Baldwin, J. |
| | : | | |
| -vs- | : | | |
| | : | | |
| JAMES E. DRUMMOND AND THE | : | | Case No. 14-CA-27 |
| ESTATE OF JAMES DRUMMOND | : | | |
| | : | | |
| Defendant - Appellant | : | | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Fairfield County Court of Common Pleas, Domestic Relations Division, Case No. 96 DR 237 |
| | |
| JUDGMENT: | Reversed and Remanded |
| | |
| DATE OF JUDGMENT: | October 27, 2014 |

APPEARANCES:

| | |
|---|---|
| For Plaintiff-Appellee | For Defendant-Appellant |
| | |
| MARTY ANDERSON | DARREN A. MCNAIR |
| ERIC W. JOHNSON | Lardiere McNair, LLC |
| Sowald, Sowald, Anderson & Hawley | 3956 Brown Park Drive, Suite B |
| 400 S. Fifth Street, Suite 101 | Hilliard, OH 43026 |
| Columbus, OH 43215 | |

*Baldwin, J.*

{¶1} Appellant the Estate of James Drummond appeals a judgment of the Fairfield County Common Pleas Court imposing a constructive trust over James Drummond's State Teachers Retirement System (hereinafter "STRS") benefit payments. Appellee is Arlene K. Drummond, the former wife of James Drummond.

## STATEMENT OF FACTS AND CASE

{¶2} Appellee and James Drummond ("Decedent") were married in Williamson, West Virginia, on December 20, 1969. Appellee and Decedent were divorced via Judgment Entry/Decree of Divorce filed November 26, 1997. The Decree incorporated a Separation Agreement reached by appellee and decedent. At the time of the divorce, decedent was a retired educator, receiving retirement benefits as provided by STRS.

{¶3} With respect to decedent's STRS benefits, the Decree of Divorce provides:

> (a) Until such time a Qualified Domestic Relations Order ("QDRO") assigning the portion of Defendant's benefits to Plaintiff as alternate payee under the STRS pension plan is permitted by law, Defendant shall pay to Plaintiff the sum of $1,374.00 per month (44.41% of Defendant's gross monthly benefit), plus poundage and cost-of-living increases, for Plaintiff's interest in the STRS Plan as spousal support, payable until the death of either Defendant or the Plaintiff.

(b) Said payments from the STRS shall be deemed periodic spousal support and shall be taxable income to the Plaintiff and tax deductible from the income of the Defendant * * *

To effectuate this provision, Defendant shall continue to maintain Plaintiff as the sole irrevocable beneficiary of $1,374.00 per month or 44.41% of his gross monthly retirement benefit, plus cost-of-living increases, and shall take all necessary actions to assure and guarantee that Plaintiff will receive 44.41% of Defendant's gross monthly retirement benefit for the remainder of the Plaintiff's life in the event that Defendant precedes Plaintiff in death.

During Plaintiff's lifetime, Defendant shall continue to designate Plaintiff as his sole irrevocable beneficiary of 44.41% of said retirement benefit and, the Defendant's legal separation from the Plaintiff, their divorce, a dissolution of their marriage, the Defendant's remarriage, the birth of a child of the Defendant or his adoption of a child, shall not constitute and automatic revocation of Plaintiff as the beneficiary of 44.41% of Defendant's monthly payments from STRS.

{¶4} Article 4, Section E, of the Separation Agreement provides:

11. If HUSBAND precedes WIFE in death, spousal support payments shall terminate and WIFE'S interest in the STRS Pension shall be replaced by the STRS survivor benefits as set forth herein.

To effectuate this provision, HUSBAND shall continue to maintain WIFE as the sole irrevocable beneficiary of $1,374.00 per month or 44.41% of his gross monthly retirement benefit, plus costs-of-living increases, and shall take all necessary actions to assure and guarantee that WIFE will receive 44.41% of HUSBAND'S gross monthly retirement benefit for the remainder of the WIFE'S life in the event that HUSBAND precedes WIFE in death.

{¶5} Section 6, subsection (n) of the Decree of Divorce also provides the trial court "shall continue to maintain subject matter jurisdiction over the issues of Defendant's designation of plaintiff as the beneficiary of his retirement benefits through the STRS."

{¶6} Decedent passed away on September 7, 2006. On February 20, 2009, appellant filed a notice of suggestion of death, a notice for substitution of parties, and a motion for contempt. In the motion for contempt, appellant argued appellee had received and maintained 100% of the monthly survivor benefits from STRS, not the 44.41% for which the Decree had provided; therefore, appellant argued appellee was in contempt by retaining these funds.

{¶7} Appellant asked the trial court to impose a constructive trust and order appellee to hold the funds for the benefit of the Estate. Appellee filed a memorandum in opposition thereto on April 16, 2009. Subsequently, appellee filed a Motion to Dismiss, asserting the trial court was without jurisdiction to hear the Estate's motion. On December 24, 2009, the magistrate granted appellee's motion to dismiss, finding the

trial court lacked jurisdiction. The magistrate further found that assuming the trial court had jurisdiction, there was no basis for a constructive trust and appellee was not unjustly enriched. The trial court dismissed the contempt action and appellant's claim for attorney fees. Appellant filed objections to the magistrate's decision. The trial court approved and adopted the magistrate's decision as the order of the court on April 1, 2010.

{¶8} Appellant filed an appeal to this Court. On appeal, this Court held that the trial court does have power to clarify and construe its original property division order to effectuate judgment, and appellant was asking the trial court to enforce implementation of the division of the pension as originally decreed. As a result, this Court held that the trial court had jurisdiction over appellant's request, and the trial court erred in finding it lacked jurisdiction. Further, this Court held that the trial court erred and abused its discretion in failing to impose a constructive trust based on the language of the parties' Separation Agreement. Appellee's cross-appeal concerning attorney fees was overruled. Accordingly, this Court reversed the judgment in part and remanded the matter to the trial court for further proceedings. See, *Drummond v. Drummond,* Fairfield App. No. 10CA20, 2010–Ohio–6139.

{¶9} On remand, the trial court conducted a hearing on February 10, 2012. The trial court considered the equities prior to determining the existence of a constructive trust, finding it retained the authority and discretion to apply all equitable principles to the matter on remand. The trial court further found that the court never issued an order naming the Estate of James E. Drummond, JoAnn Kelly–Drummond, or any other party as a party to the case. The trial court found it would be inequitable to retroactively

impose a constructive trust to the date of Decedent's death, and the Separation Agreement and Judgment Entry Decree of Divorce are not the only documents necessary to review in order to determine the intent of the parties. On June 12, 2012, the trial court denied the imposition of the constructive trust finding the equities do not support the imposition of a constructive trust.

{¶10} Appellant again appealed to this Court. On appeal, we held that the trial court erred in failing to impose a constructive trust. We found that our previous decision on the issues of jurisdiction and imposition of a constructive trust were law of the case, and remanded the case to the trial court with instructions to impose a constructive trust and determine the amount of the trust and terms of repayment. In a footnote, we instructed the court concerning a possible manner of determining the amount due appellant via the constructive trust:

> Though we recognize the following is merely dicta, we offer the same as guidance as one possible alternative for determining the amount due Appellant via the constructive trust. The monthly payment James Drummond received during his lifetime was based upon his election to retain 100% survivorship benefits for Appellee. We presume had the survivorship benefits been limited to the 44.41% specified in the divorce decree, James Drummond's monthly payment would have been greater than that actually received. The difference between those two monthly payments multiplied by the number of monthly payments made after the date of the divorce decree through the date of James Drummond's death

might well be the appropriate amount to fund the constructive trust."

*Drummond v. Drummond,* 5th Dist. Fairfield App. No. 12-CA-36, 2013-Ohio-2003, fn.1.

{¶11} On remand, the trial court imposed a constructive trust as follows:

A constructive trust is imposed. Counsel for Plaintiff and Counsel for the Estate of James E. Drummond shall determine the amount of the monthly pension payment James Drummond received from the date of the Judgment Entry/Decree of divorce, November 26, 1997, through the date of the death of James Drummond, September 7, 2006, based upon his election to retain 100% survivorship benefits for Arlene K. Drummond. Counsel for Plaintiff and Counsel for the Estate of James Drummond shall determine what amount James Drummond's monthly pension payment would have been from the date of the Judgment Entry/Decree of Divorce, November 26, 1997, through the date of the death of James Drummond, September 7, 2006, had the survivorship benefits election been limited to the 44.41% specified in the Judgment Entry/Decree of Divorce. The difference between those two monthly payments multiplied by the number of monthly payments made after the date of the Judgment Entry/Decree of Divorce, November 26, 1997, through the date of death of James Drummond, September 7, 2006, shall fund the constructive trust."

Judgment Entry, February 28, 2014, p.3.

{¶12} Appellant assigns two errors to this judgment on appeal:

{¶13} "I.   THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION BY MODIFYING A PROPERTY DIVISION INCORPORATED INTO A DIVORCE DECREE.

{¶14} "II.   THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION BY FAILING TO APPLY THE CLEAR AND SPECIFIC TERMS OF THE PARTIES' JUDGMENT ENTRY/DECREE OF DIVORCE AND SEPARATION AGREEMENT WHEN ORDERING THE FUNDING OF THE CONSTRUCTIVE TRUST."

I & II.

{¶15} In both assignments of error, appellant argues that the court erred in ordering the funding of the constructive trust in a manner that contradicts the separation agreement incorporated into the original divorce decree.

{¶16} With respect to decedent's STRS benefits, the Decree of Divorce provides:

> (a) Until such time a Qualified Domestic Relations Order ("QDRO") assigning the portion of Defendant's benefits to Plaintiff as alternate payee under the STRS pension plan is permitted by law, Defendant shall pay to Plaintiff the sum of $1,374.00 per month (44.41% of Defendant's gross monthly benefit), plus poundage and cost-of-living increases, for Plaintiff's interest in the STRS Plan as spousal support, payable until the death of either Defendant or the Plaintiff.

(b) Said payments from the STRS shall be deemed periodic spousal support and shall be taxable income to the Plaintiff and tax deductible from the income of the Defendant * * *

To effectuate this provision, Defendant shall continue to maintain Plaintiff as the sole irrevocable beneficiary of $1,374.00 per month or 44.41% of his gross monthly retirement benefit, plus cost-of-living increases, and shall take all necessary actions to assure and guarantee that Plaintiff will receive 44.41% of Defendant's gross monthly retirement benefit for the remainder of the Plaintiff's life in the event that Defendant precedes Plaintiff in death.

During Plaintiff's lifetime, Defendant shall continue to designate Plaintiff as his sole irrevocable beneficiary of 44.41% of said retirement benefit and, the Defendant's legal separation from the Plaintiff, their divorce, a dissolution of their marriage, the Defendant's remarriage, the birth of a child of the Defendant or his adoption of a child, shall not constitute and automatic revocation of Plaintiff as the beneficiary of 44.41% of Defendant's monthly payments from STRS.

{¶17} Article 4, Section E, of the Separation Agreement provides:

11. If HUSBAND precedes WIFE in death, spousal support payments shall terminate and WIFE'S interest in the STRS Pension shall be replaced by the STRS survivor benefits as set forth herein.

> To effectuate this provision, HUSBAND shall continue to maintain WIFE as the sole irrevocable beneficiary of $1,374.00 per month or 44.41% of his gross monthly retirement benefit, plus costs-of-living increases, and shall take all necessary actions to assure and guarantee that WIFE will receive 44.41% of HUSBAND'S gross monthly retirement benefit for the remainder of the WIFE'S life in the event that HUSBAND precedes WIFE in death.

{¶18} Where the language of a divorce decree is unambiguous, there is no reason to interpret the language or to assess the intent of the parties at the time the decree was entered. *Schuster v. Schuster*, 3rd Dist. Wyandot App. No. 16-08-22, 2009-Ohio-1736, ¶9. The court is required to merely apply the language of the decree. *Id*. The intent of the parties as set forth in the agreement was that appellee was to receive 44.41% of the decedent's monthly retirement benefit. Therefore, the amount used to fund the constructive trust should be the remaining 55.59% of the retirement benefits received by appellee from the date of the divorce decree to the date of the decedent's death.

{¶19} The first and second assignments of error are sustained. The judgment of the Fairfield County Common Pleas Court, Domestic Relations Division, is reversed. This case is remanded to that court for further proceedings according to law, consistent with this opinion. Costs are assessed to appellee.

By: Baldwin, J.

and Delaney, J. concur.

Hoffman, P.J. concurs in part
and dissents in part

_____

_____

_____

CRB/rad

*Hoffman, P.J., concurring in part and dissenting in part*

{¶20}  Despite having authored the dicta suggesting one possible alternative to determine the amount to fund the constructive trust in this Court's prior opinion - which suggestion was adopted by the trial court - I now find myself concurring in the majority's decision to reverse and remand this case to the trial court yet again.[1]  However, I respectfully dissent from the majority's decision the amount used to fund the constructive trust should be the remaining 55.59% of the retirement benefits received by Appellee from the date of the divorce decree to the date of Decedent's death.

{¶21}  The creation of a constructive trust is an equitable remedy.  As such, I find the trial court has discretion as to when the constructive trust should commence.  That date could potentially be the date of Decedent's death or the date Appellant first raised the issue via a motion for contempt.

{¶22}  The majority holds funding of the trust commences as the date of the divorce decree, yet terminates on the date of Decedent's death.  I find the language in the decree, which we found gives rise to the constructive trust, does not indicate it should terminate upon Decedent's death.  Upon revisiting of this issue, I now find no compelling legal or logical reason to support termination of the constructive trust at that time.

_____
HON. WILLIAM B. HOFFMAN

_____

[1] To such extent, I was the architect of the trial court's demise.

[Cite as *Drummond v. Drummond*, 2014-Ohio-4777.]